OPINION
{¶ 1} Plaintiff-appellant, Tracy M. Flynn ("appellant"), now known as Maloney, appeals from a May 29, 2003 judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, which modifies a previous order allocating parenting time to appellee. For the reasons that follow, we reverse the judgment of the trial court.
 {¶ 2} Appellant sets forth three assignments of error:
Assignment of Error I
The trial court erred and abused its discretion in removing from the magistrate the hearing of this case on remand after she issued an interim order in this matter and set the case for hearing.
Assignment of Error II
The trial court erred and abused its discretion in reissuing the decision previously reversed and remanded for further proceedings, without holding any further proceedings and without addressing the specific legal and factual issues that prompted the earlier reversal and remand
Assignment of Error III
The trial court erred and abused its discretion in issuing orders affecting the best interest of the Flynn children without taking additional evidence relevant to their best interest, despite the passage of approximately two and a half (2 ½) years' time between the last evidence entered in the record and the trial court's issuance of its May 29, 2003 amended decision and judgment and entry.
 {¶ 3} Appellant and appellee were married in 1994 and divorced in 1996.[1] In July 2000, appellant filed a motion to terminate appellee's visitation on an emergency basis, based on an allegation of child abuse. In August 2000, appellee sought a reallocation of parental rights and responsibilities and a finding of contempt for an alleged failure by appellant to allow visitation. In November 2000, appellant filed a second motion to terminate appellee's visitation rights. Extensive testimony was taken by a magistrate on these motions in December 2000 and January 2001.
 {¶ 4} In May 2001, the magistrate issued a decision on these motions. Pursuant to Civ.R. 52, on August 6, 2001, the magistrate issued findings of fact and conclusions of law, wherein she sustained in part appellant's November 2000 motion to terminate appellee's visitation, overruled appellee's August 2000 motion for contempt and to modify parental rights and responsibilities, and rendered moot appellant's July 2000 motion seeking emergency termination of visitation by appellee. In her decision, the magistrate recommended that it was in the best interest of the children that appellee's visitation be modified to supervised companionship on alternating Saturdays and Sundays, and that "Welcome to Our Place"[2] be engaged to accommodate visitation. The magistrate also recommended that appellant and appellee have no contact during companionship times, that appellee bear the costs of the supervision of visitation, and that the guardian ad litem fees be divided equally. Appellee timely filed objections to the magistrate's decision.
 {¶ 5} On July 26, 2002, the trial court issued a decision and judgment entry finding that, contrary to the magistrate's recommendation, supervised visitation was not in the best interest of the children, and ordered that appellee have unsupervised parenting time pursuant to Loc.R. 27,[3] to be coordinated and scheduled by the guardian ad litem. In so finding, the trial court stated that although unsubstantiated allegations of child abuse may be a factor in establishing the change of circumstances necessary for a modification of parental rights and responsibilities, appellee has not exhibited behavior justifying supervised visitation. Appellant filed an appeal from the trial court's July 26, 2002 judgment entry, which was decided on March 6, 2003. Flynn v. Flynn, Franklin App. No. 02AP-801, 2003-Ohio-990 ("Flynn I").
 {¶ 6} In Flynn I, we determined that the magistrate and trial court each based their decisions on the incorrect statute.[4] Specifically, the magistrate and the trial court applied the "best interest of the child" standard set forth in R.C. 3109.04(F), which applies to the allocation of parental rights and responsibilities for the care of children where a shared parenting plan is in effect. The proper "best interest of the child" standard for this case is set forth in R.C.3109.051(D), which applies to orders granting parenting time or companionship or visitation rights where, as here, no shared parenting plan is in effect. Braatz v. Braatz (1999),85 Ohio St.3d 40, 706 N.E.2d 1218, paragraph one of the syllabus. Further, the standards in R.C. 3109.04(F) and 3109.051(D) are not interchangeable. Id., at 44. Though the two standards have many factors in common, each standard has other factors unique to it. Accordingly, we held that by applying R.C. 3109.04 the trial court considered factors that it was not required to consider, and ignored other factors that it was required to consider pursuant to R.C. 3109.051. We therefore reversed the judgment of the trial court and remanded it for further proceedings consistent with our decision.
 {¶ 7} Upon remand, on April 15, 2003 the magistrate entered an order wherein she determined it was necessary that additional evidence be presented in order to determine the best interest of the children before rewriting its order granting parenting time, as directed by this court. The magistrate based her scheduling order, in part, on the fact that one of the children has significant mental health issues and the psychologist's report on that child was issued in December 2000. In her order, the magistrate stated: "A parenting order crafted for a six year old with emotional issues may not be in the best interest of the same nine year old, who may or may not have made progress with his significant emotional issues." The magistrate then ordered the guardian ad litem to update his investigation and scheduled a hearing for May 12, 2002, at which the parties could present "evidence regarding events since the original hearing on these motions."
 {¶ 8} However, for reasons not evident from the record, the May 12, 2002 hearing before the magistrate was not held. On that date, a pre-printed motion for a continuance was filed by the court, stating the court requested the continuance because it deemed the magistrate's hearing as unnecessary. The court then continued the matter until May 29, 2003. When the parties appeared on May 29, 2003, the court, without holding a hearing, issued written copies of its decision and judgment entry.
 {¶ 9} In her first assignment of error, appellant contends the trial judge abused her discretion in presiding over this case directly, after a magistrate had already issued an interim order and scheduled an evidentiary hearing pursuant to Civ.R. 53. We disagree.
 {¶ 10} A trial court has the inherent authority to control its docket and manage the cases before it. Moyer v. Bristow
(2000), 91 Ohio St.3d 3, 7, 740 N.E.2d 656. A trial court's decision in this regard will not be reversed absent an abuse of discretion. Woodruff v. Barakat, Franklin App. No. 02AP-351, 2002-Ohio-5616. An abuse of discretion is described as being more than an error of law or judgment; it implies the court's attitude was arbitrary, unreasonable, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 11} A trial court's authority to issue an order of reference is entirely discretionary, as the language in Civ.R. 53(C) authorizing a trial court to issue an order of reference to a magistrate is phrased entirely in permissive terms. Reffner v.Cain (Mar. 10, 1999), Summit App. No. C.A. 19132. See, e.g., Civ.R. 53(C)(1) ("court of record may by order refer any of the following to a magistrate"). A magistrate's authority is subject to the specifications and limitations stated in the order of reference. Civ.R. 53(C)(2). Additionally, the decision of a magistrate is not effective until it is adopted by the trial court. Civ.R. 53(E)(4)(a).
 {¶ 12} Once the magistrate submits a report, the trial court may "adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter." Id.; Civ.R. 53(E)(4)(b). Moreover, in ruling on objections to a magistrate's decision the trial court is required to make a full and independent judgment of the referred matter, and should not adopt the findings of the magistrate unless the trial court fully agrees with them.DeSantis v. Soller (1990), 70 Ohio App.3d 226, 232,590 N.E.2d 886. A trial court retains its authority to decide an issue independent of the magistrate, as the grant of authority to a magistrate does not affect a trial court's jurisdiction. Davisv. Reed (Aug. 31, 2000), Cuyahoga App. No. 76712, citingProctor v. Proctor (1988), 48 Ohio App.3d 55, 59,548 N.E.2d 287.
 {¶ 13} While appellant may have preferred to proceed before the magistrate, the trial court had the authority to withdraw an order of reference and conduct further proceedings itself. To the extent that the trial court should have prepared an entry journalizing its withdrawal of the order of reference, its failure to do so did not affect its jurisdiction to proceed.Proctor, supra, citing Hines v. Amole (1982),4 Ohio App.3d 263, 265, 448 N.E.2d 473. In the absence of any affirmative evidence to the contrary, we must presume the regularity of the proceedings below. Fields v. Stange, Franklin App. No. 01AP-125, 2004-Ohio-1134, citing Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384. On the record before us, we cannot find that the trial court abused its discretion in choosing to preside itself over the issues on remand rather than to continue to refer them to the magistrate. Appellant's first assignment of error is overruled.
 {¶ 14} Appellant's second assignment of error contends the trial court's May 29, 2003 decision is erroneous and constitutes an abuse of discretion because this case was remanded for "further proceedings" and no "further proceedings" were held. Appellant also contends the trial court failed to address the specific issues that previously required us to remand the decision to the trial court.
 {¶ 15} Decisions involving parenting time and visitation are entrusted to the sound discretion of the trial court, and will not be disturbed on appeal absent a showing of an abuse of discretion. McKnight v. McKnight (Mar. 9, 2000), Franklin App. No. 99AP-432, citing Booth v. Booth (1989), 44 Ohio St.3d 142,144, 541 N.E.2d 1028. In applying the abuse of discretion standard of review, we may not merely substitute our judgment for that of the trial court. Dannaher v. Newbold, Franklin App. No. 03AP-155, 2004-Ohio-1003, citing Berk v. Matthews (1990),53 Ohio St.3d 161, 169, 559 N.E.2d 1301. However, the trial court's discretion must be exercised in a manner which best protects the interest of the child. Bodine v. Bodine (10th Dist. 1988),38 Ohio App.3d 173, 175, 528 N.E.2d 973.
 {¶ 16} Upon remand from an appellate court, a trial court is required to proceed from the point at which the error occurred.State v. Leonard (June 21, 2001), Franklin App. No. 00AP-1229, citing State ex rel. Stevenson v. Murray (1982),69 Ohio St.2d 112, 113, 431 N.E.2d 324. In Flynn I, the error occurred where, in ruling on objections to the magistrate's decision, the trial court applied the improper standard in determining whether a modification of parenting time would be in the best interest of the children. At that point, the objections to the magistrate's ruling had been fully briefed and were submitted to the trial court for determination; no hearing was required. Thus, the mere fact that the trial court's decision was remanded does not entitle the parties to an additional hearing. A remand for "further proceedings" should not be interpreted as a remand for "further hearings" where no further hearings would have been required from the point of error forward. Indeed, where the issues on remand are purely legal, holding a hearing may serve no useful purpose.
 {¶ 17} In Johnson-Wooldridge v. Wooldridge (July 26, 2001), Franklin App. No. 00AP-1073, we held that when ruling on objections to a magistrate's decision, a plain reading of Civ.R. 53(E)(4)(b) limits the discretion of the trial court in deciding whether to hear new evidence, and "requires the acceptance of additional evidence if the objecting party demonstrates with reasonable diligence that it could not have produced [that] evidence for the magistrate's consideration." See, also, Allenv. Allen, Franklin App. No. 02AP-768, 2003-Ohio-954. In her April 15, 2003 entry scheduling a hearing after remand, the magistrate noted that the ultimate objective in determining whether to modify visitation or parenting time is to craft an order that is in the best interest of the children. The magistrate further noted that at the time of the initial order, the children were ages six and four, that the initial order was based in part on the report of a psychologist on the mental health of the six-year old child, and that "a parenting order crafted for a six year old with emotional issues may not be in the best interest of the same nine year old, who may or may not have made progress with his significant emotional issues." The magistrate therefore ordered the guardian ad litem to update his report and scheduled a hearing to permit the introduction of additional evidence.
 {¶ 18} Acting sua sponte, the trial court canceled the evidentiary hearing, which was scheduled by the magistrate; the only explanation in the record is that she determined a hearing was not necessary. On the record before us, we disagree.
 {¶ 19} Initially, we note that while the trial court canceled the May 12, 2003 hearing deeming it not necessary, the trial court nonetheless scheduled another hearing for May 29, 2003. On May 29, 2003, the parties appeared before the court but no hearing was held. The record is silent on why this second hearing was canceled. Instead, the parties were given a copy of the court's decision on the merits.
 {¶ 20} At oral argument, appellant's counsel asserted that he was denied the opportunity to proffer evidence that he wished to present pursuant to Civ.R. 53(E)(4)(b). "[W]hile the trial court has the discretion to refuse to consider additional evidence, the trial court must first give the offering party an opportunity to demonstrate that such evidence could not have been produced before the magistrate." Porter v. Ferrall, Portage App. No. 2002-P-0109, quoting McClain v. McClain (Sept. 30, 1999), Portage App. No. 98-P-0002. See, also, Woolbridge, supra;Allen, supra.
 {¶ 21} The visitation order at issue concerns children of tender years, at least one of which is under psychiatric care as a direct result of the dispute between the parties, and is taking several prescription drugs in addition to receiving counseling. It is important to note that the age of the younger child has doubled during the pendency of this motion (age four when the first motion was filed, presently age eight). The record is void of both what evidence appellant sought to introduce pursuant to Civ.R. 53(E)(4)(b), and on what basis the trial court determined no additional evidence was necessary.
 {¶ 22} The parties were entitled to present any additional evidence that could not have been presented to the magistrate before the trial court ruled on the objections to the magistrate's decision. Wooldridge, supra. In order for the trial court to determine whether appellant had such evidence, the court should have held a hearing and allowed such evidence to be presented for its consideration. When no hearing was held, the parties were entitled to proffer to the court evidence they had wished to present. Porter, supra. The trial court's decision in this case to deny the opportunity to present and/or to proffer evidence for the record, constitutes an abuse of discretion.
 {¶ 23} In so holding, we do not find that the evidence previously submitted is no longer competent or relevant. Indeed, after conducting a hearing where newly discovered evidence is heard, the court may well determine, in the exercise of its sound discretion, that some or all of the proffered new evidence is not relevant or not admissible, and that time has changed the relative weight to apply to the evidence previously submitted. Some or all of the trial court's findings may well remain unchanged.
 {¶ 24} Accordingly, for the reasons stated above, appellant's first assignment of error is overruled, and her second assignment of error is sustained. Our disposition of the second assignment of error renders the third assignment of error moot. The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
 Lazarus, P.J., and Klatt, J., concur.
[1] As this case has been before the courts virtually without interruption since that time, we recite on those procedural facts relevant to the issue at bar. The facts prior to June 2002 are as set forth in Flynn v. Flynn, Franklin App. No. 02AP-801, 2003-Ohio-990.
[2] "Welcome to Our Place" is an independent provider of social services to help families dealing with issues related to a divorce. Among the services they provide are supervised visitation and supervised exchange of children.
[3] Loc.R. 27 of the Rules of Practice for the Franklin County Court of Common Pleas, Division of Domestic Relations, sets forth a model visitation/parenting time schedule. In general terms, the model parenting time schedule grants visitation to the non-residential parent on weekends, one weekday evening per week, and alternating, relatively equal, schedules for holidays, vacations, and summers when school is not in session.
[4] In their briefs, the parties also discussed and applied R.C. 3109.04(F) rather than R.C. 3905.051.