OPINION
{¶ 1} Gwen S. Sansom, defendant-appellant, and Willis Sansom, plaintiff-appellee, were married in August 1996. One child was born as issue of the union — Justin K. Sansom, on January 8, 1996. The parties were divorced in October 1997. At that time, they entered into a shared parenting plan and incorporated it into their decree of divorce. Under the plan, plaintiff was to pay defendant child support.
 {¶ 2} In March 1999, plaintiff filed a motion seeking reallocation of the parties' parental rights and responsibilities. Following a hearing, the court issued an order which designated plaintiff the residential parent and legal custodian of the child, awarded defendant companionship and visitation, terminated the existing child support order, and ordered defendant to pay plaintiff child support in the amount of $226.89 per month plus processing charge.
 {¶ 3} On May 17, 2004, plaintiff filed a "Motion * * * for Contempt and/or Judgment and/or to Determine and Liquidate Child Support Arrearage" against defendant. The trial court set the contempt motion for hearing on July 6, 2004. The record contains a certified mail receipt purportedly signed by defendant on May 20, 2004, notifying her of the hearing date. Defendant did not appear for the hearing. On July 7, 2004, the trial court issued a capias for defendant's arrest.
 {¶ 4} On November 15, 2004, defendant was arrested and transported to jail. On November 17, 2004, the trial court filed an entry setting bond on a charge of "failure to appear/contempt-child support" at $11,000, cash or surety, the approximate amount of the child support arrearage. The court set a hearing date of November 23, 2004. Unable to post bond, defendant remained in jail.
 {¶ 5} On November 23, 2004, counsel for the Child Support Enforcement Agency ("CSEA") moved to continue the case to permit defendant time to obtain appointed counsel. At that time, a hearing was set for March 7, 2005. On December 7, 2004, defendant's newly appointed counsel sought and obtained an advancement of the hearing date to December 9, 2004.
 {¶ 6} At the December 9, 2004 hearing, both the magistrate and CSEA counsel noted that the matter at issue was the May 17, 2004 contempt motion for failure to pay child support. In reviewing the procedural posture of the case, defense counsel contended that defendant's failure to appear at the July 6, 2004 hearing resulted from her never having received notice of the hearing. More particularly, counsel averred that notice was sent to an old address and that defendant's former roommate must have signed the certified mail receipt. However, counsel went on to state that defendant did not contest service and wanted to enter an admission to the contempt charge of failing to pay her child support. Defendant later entered such an admission.
 {¶ 7} Thereafter, defense counsel requested that the court credit defendant 25 days toward any suspended sentence the court might impose on the child support contempt for the period she was held in jail on the capias in lieu of posting bond (November 15 through December 9, 2004). CSEA counsel opposed the request on grounds that it would be unfair to permit defendant to avoid serving 25 days of a 30-day sentence since she voluntarily failed to appear for the initial hearing and chose not to post bond. Thereafter, CSEA counsel asked the court to impose a 30-day sentence on the child support contempt charge and asserted that the calculated arrearage as of November 30, 2004 was $11,875.84.
 {¶ 8} Defense counsel did not object to the arrearage amount; however, he requested that the magistrate immediately clarify the jail-credit issue by imposing a suspended sentence of only five days on condition that defendant purge the contempt. Defense counsel argued that CSEA counsel's assertion that defendant could be sentenced immediately to 30 days on a contempt charge for failure to appear ran afoul of due process principles in that she was provided neither written notice of nor opportunity to defend such a charge. Defense counsel further argued that the failure to credit defendant's sentence with the 25 days she was held in jail in lieu of posting bond violated her right to equal protection under the state and federal constitutions.
 {¶ 9} Following this colloquy, the magistrate, based upon defendant's admission, found defendant guilty of contempt for failing to pay the child support previously ordered. The magistrate imposed a 30-day jail sentence, but noted that "[defendant] was held on a failure to appear from November 15, 2004 until December 9, 2004 as she was unable to pay the bond ordered by [the trial court]." (Tr. Dec. 9, 2004 hearing, at 16). The magistrate suspended the sentence on the condition that defendant liquidate the $11,875.84 arrearage at the rate of $22.69 per month plus processing charge. The magistrate further noted that she would leave the jail credit issue "to the discretion of the Judge if an enforcement ever occurred." (Id. at 13.)
 {¶ 10} On January 4, 2005, the magistrate filed a written decision finding defendant in contempt for failure to pay child support. The magistrate sentenced defendant to 30 days in jail and suspended the sentence to permit defendant to purge the contempt by liquidating the $11,875.84 arrearage at the rate of $22.69 per month plus processing charge. Via judgment entry filed the same day, the trial court adopted the magistrate's decision.
 {¶ 11} Defendant filed a timely objection to the magistrate's decision, arguing that the magistrate erred in sentencing her to the maximum penalty of 30 days in jail for contempt for failing to pay child support without crediting her the 25 days of pretrial detention she served awaiting trial on the child support contempt complaint. Defendant offered three arguments in support of her contention. Defendant first argued that due process protections precluded her from summarily being found in contempt for failure to appear without written notice of the charge and an opportunity to be heard. Defendant also argued that by incarcerating her for 25 days and then sentencing her to 30 days without crediting the 25 days, the 25 days amounted to a sentence imposed on the contempt for failure to pay child support without an opportunity to purge the contempt. Lastly, defendant argued:
Under Ohio's criminal code, a person is guaranteed credit off their sentence of incarceration for time served in the county jail awaiting disposition of the charge for which they are sentenced. R.C. 2949.08; R.C. 2967.191. These statutes were enacted in response to federal case law which found denial of equal protection when indigent persons unable to make bond were in effect given greater punishments due to being indigent than those who could pay bond. See Committee Comment to R.C. 2967.191. See, also, Workman v. Cardwell (1972, N.D. Ohio,338 F.Supp. 893. By not crediting 25 days to the 30 day contempt sentence, [defendant] is suffering the same equal protection violation found to have occurred when criminals are denied credit for jail time resulting from their inability to make bond.
(Memorandum in Support of Objection, at 4-5.)
 {¶ 12} Defendant requested that the court modify the magistrate's written decision to credit the 25 days already served and reduce the suspended jail sentence on the child support contempt from 30 days to five days.
 {¶ 13} CSEA filed a memorandum contra defendant's objection. CSEA argued that defendant's reliance upon Ohio's criminal code ignored R.C. 2901.03(A), which states that "[n]o conduct constitutes a criminal offense against [Ohio] unless it is defined as an offense in the Revised Code." CSEA argued that because the Ohio Revised Code does not define contempt as an offense, criminal code provisions such as R.C. 2929.48 and2967.191 do not apply. CSEA further contended that defendant's argument also ignored R.C. 2901.03(C), which provides that "[t]his section does not affect * * * the power of a court to punish for contempt or to employ any sanction authorized by law to enforce an order, civil judgment, or decree." Finally, CSEA maintained that defendant's argument ignored and/or undermined the provisions of R.C. Chapter 2705.
 {¶ 14} According to its "Motion Hearing Case Notes," the trial court held a hearing on defendant's objection on March 11, 2005; however, the parties waived a record of the proceedings.
 {¶ 15} By judgment entry filed May 23, 2005, the trial court overruled defendant's objection and adopted the magistrate's decision as its own. In its recitation of the procedural history of the case, the court asserted that defendant's 25-day incarceration resulted from her failure to post bond following her arrest on the capias issued on the contempt for failure to pay child support. Later, in its analysis, the court noted that defendant was originally ordered to appear on July 7, 2004 "to show cause why she should not be punished for contempt for failure to pay child support," and "was subsequently charged with indirect contempt for her failure to appear at the July 7, 2004 [sic], child support hearing." (May 23, 2005 Judgment Entry, at 3.) In particular, the court noted that "[a] written charge was filed by Magistrate House on Nov. 17, 2004, charging Defendant with both failure to appear and contempt for failure to pay child support." (Id.) Finally, the court stated that "[a]t the eventual * * * hearing on Defendant's contempt charges, she was found to be in contempt for failure to pay child support and was sentenced to a suspended thirty (30) day jail sentence * * *." (Id.)
 {¶ 16} Thereafter, the court found that appellant committed two separate contempts — the first when she failed to pay her court-ordered child support — the second when she failed to obey the order to appear on the contempt motion for failure to pay child support. Acknowledging that the magistrate did not specifically sentence defendant on the second contempt, the court found that "this does not automatically warrant the application of her jail time spent for her second contempt offense towards her first." (Id.) The court further found that "[p]ursuant to O.R.C. 2705.05, Defendant's failure to appear warranted a jail sentence of up to thirty (30) days in addition to her jail sentence for failure to pay child support." (Id.)
 {¶ 17} The trial court further rejected defendant's contention that not applying the 25 days she spent in jail to the 30-day jail sentence was the equivalent of imposing a jail sentence for contempt without providing defendant an opportunity to purge the contempt. In so finding, the court reiterated that defendant was charged with two separate counts of contempt. The court found that defendant was given the opportunity to purge her civil child support contempt before being required to serve her 30-day jail sentence. The court further stated that "[c]riminal contempt — which contempt for failure to appear qualifies — does not require providing a right to purge the contempt." (Id. at 4.)
 {¶ 18} The court also rejected defendant's argument based upon Ohio's criminal code and its requirement under R.C. 2949.08
and 2967.191 that a person is guaranteed credit for time served in jail while awaiting disposition of the charge for which they are sentenced. The court noted that although defendant had cited two criminal statutes, her argument ignored R.C. 2901.03(C). The trial court determined that while defendant's argument applied to felonies and misdemeanors defined in the Ohio Revised Code, "it does not affect the Court's power to punish for contempt of court." (Id.)
 {¶ 19} The court also rejected defendant's contention that her equal protection rights were violated upon the magistrate's refusal to credit the 25 days spent in jail. The court explained:
* * * Firstly, the Court was within its limits to hold Defendant pending her contempt hearing to ensure her appearance. Secondly, the maximum sentence for a first time offense of contempt of court for failure to appear is thirty (30) days; therefore, Defendant did not serve the maximum sentence that all contemnors are subject to, regardless of their financial status.
The twenty-five (25) days spent in jail by Defendant was brought about by her willful decision to ignore this Court's order to appear at a court hearing. The Court views the time already spent in jail as a reasonable consequence for Defendant's failure to appear. Further, the Court is not required to reward Defendant by applying her time spent in jail to her jail sentence imposed for her failure to pay child support.
(Id.)
 {¶ 20} Defendant has timely appealed the trial court's judgment and advances a single assignment of error for our review:
The trial court erred in failing to give Appellant credit for the twenty-five days she was held in jail in lieu of posting bond while waiting a hearing on a contempt motion. As a result, Appellant was denied due process and equal protection under the state and federal Constitutions.
 {¶ 21} Defendant's assignment of error asserts that the trial court erred in refusing to credit the 30-day jail sentence imposed on the child support contempt with the 25 days she was held in jail in lieu of posting bond. Defendant contends the trial court erred in finding that the 25-day incarceration constituted punishment for a separate contempt for failure to appear. Defendant argues that her constitutional due process rights were violated because she was never provided written notice of the charge of failure to appear and was never afforded a hearing at which to contest the allegations. Defendant further contends the trial court's refusal to credit the 25 days violated her equal protection rights.
 {¶ 22} Contempt is a disregard of, or disobedience to, an order or command of judicial authority. First Bank of Mariettav. Mascrete, Inc. (1998), 125 Ohio App.3d 257, 263. Contempt may also involve an act or omission that substantially disrespects the judicial process in a particular case. Byron v. Byron,
Franklin App. No. 03AP-819, 2004-Ohio-2143, at ¶ 11. The contempt process was created "to uphold and ensure the effective administration of justice, secure the dignity of the court, and affirm the supremacy of law." Id., citing Cramer v. Petrie
(1994), 70 Ohio St.3d 131, 133. "A court has both inherent and statutory authority to punish a party for contempt." Howell v.Howell, Franklin App. No. 04AP-436, 2005-Ohio-2798, at ¶ 19, quoting In re Contempt of Morris (1996), 110 Ohio App.3d 475,479, citing Zakany v. Zakany (1984), 9 Ohio St.3d 192.
 {¶ 23} Contempt may be characterized as either direct or indirect. Byron, supra, at ¶ 12. Direct contempt occurs in the presence of the court and obstructs the administration of justice. R.C. 2705.01; Turner v. Turner (May 18, 1999), Franklin App. No. 98AP-999. "Since direct contempt interferes with the judicial process, the court may summarily deal with it in order to secure the uninterrupted and unimpeded administration of justice." Id. By contrast, indirect contempt involves behavior that occurs outside the presence of the court and demonstrates a lack of respect for the court or its lawful orders. Byron,
supra, citing State v. Drake (1991), 73 Ohio App.3d 640, 643. Courts typically view the failure to pay child support and the failure to appear as indirect contempt, as both occur outside the presence of the court and demonstrate a lack of respect for the court. DeLawder v. Dodson, Lawrence App. No. 02CA27,2003-Ohio-2902, at ¶ 11.
 {¶ 24} Courts may further classify contempt as civil or criminal, depending upon the character and purpose of the contempt sanctions. Id. at ¶ 9. Civil contempt is remedial or coercive in nature and will be imposed to benefit the complainant. Id., citing Pugh v. Pugh (1984),15 Ohio St.3d 136, 139. The burden of proof for civil contempt is clear and convincing evidence. DeLawder, supra, at ¶ 10, citing Carrollv. Detty (1996), 113 Ohio App.3d 708, 711. A sanction for civil contempt must provide the contemnor the opportunity to purge himself or herself of the contempt. DeLawder, supra."The contemnor is said to carry the keys of his prison in his own pocket * * * since he will be freed if he agrees to do as so ordered." Brown v. Executive 200, Inc. (1980),64 Ohio St.2d 250, 253. Failure to pay court-ordered child support constitutes civil contempt. R.C. 2705.031; Herold v. Herold, Franklin App. No. 04AP-206, 2004-Ohio-6727, at ¶ 25.
 {¶ 25} In contrast, criminal contempt sanctions are not coercive, but punitive in nature. State ex rel. Corn v. Russo
(2001), 90 Ohio St. 3d 551, 555. Such sanctions are designed to punish past affronts to the court and to vindicate the authority of the law and the court. Id. Criminal contempt is usually characterized by an unconditional prison sentence, and the contemnor is not afforded an opportunity to purge himself or herself of the contempt. Brown, supra, at 254. The burden of proof for criminal contempt is beyond a reasonable doubt. Id. at 251. Criminal contempt requires proof of a purposeful, willing, or intentional violation of a trial court's order. Carroll,
supra. Courts typically view contempt proceedings for failure to appear as criminal in nature. State ex rel. Johnson v. Cty.Court of Perry Cty. (1986), 25 Ohio St.3d 53, 55; In re Lee
(June 15, 1989), Franklin App. No. 88AP-985; Evans v. Evans
(Apr. 6, 1984), Montgomery App. No. CA 8144; In re Schisler
(Dec. 15, 1997), Scioto App. No. 97CA2485; Delawder, supra, at ¶ 11; State v. Oglesby (Sept. 30, 1988), Ottawa App. No. OT-87-37.
 {¶ 26} Due process must be observed in both civil and criminal contempt proceedings. Turner, supra; Mosler, Inc. v.United Automobile, Aerospace Agricultural Implement Workers ofAmerica, Local 1862 (1993), 91 Ohio App.3d 840, 843. Due process and the statutory provisions of R.C. 2705.03 mandate that one accused of indirect contempt be provided "adequate notice, time to prepare any defense and an opportunity to be heard." Turner,
supra, quoting Rose v. Rose (Mar. 31, 1997), Franklin App. No. 96APF09-1150. More particularly, "due process requires that the alleged contemnor has the right to notice of the charges against him or her, a reasonable opportunity to defend against or explain such charges, representation by counsel, and the opportunity to testify and to call other witnesses, either by way of defense or explanation. Id., citing Courtney v. Courtney (1984),16 Ohio App.3d 329, 332.
 {¶ 27} Thus, the element of notice for a finding of indirect contempt is a prerequisite for a valid contempt finding. Id., citing E. Cleveland v. Reed (1977), 54 Ohio App.2d 147, 150. Notice is sufficient when it apprises an alleged contemnor of the charges against him or her so that he or she is able to prepare a defense. Id., citing Cincinnati v. Cincinnati District Council51 (1973), 35 Ohio St.2d 197, 203. Here, defendant disputes that she was properly notified that she was subject to a finding of contempt for failure to appear. We disagree.
 {¶ 28} The trial court determined that the November 17, 2004 entry setting defendant's bond charged her with indirect criminal contempt for her failure to appear at the July 6, 2004 child support hearing. Defendant does not expressly challenge this determination on appeal. Indeed, defendant does not offer any specific argument as to why the November 17, 2004 entry did not constitute sufficient notice to defendant that she would be subject to contempt sanctions for her failure to appear at the July 6, 2004 hearing. Moreover, at the December 9, 2004 hearing, although defense counsel initially argued that defendant's failure to appear at the July 6, 2004 hearing resulted from her never having received notice of the hearing, he subsequently averred that defendant would not contest service. Defense counsel's discussion regarding defendant's failure to appear at the July 6, 2004 hearing establishes that defendant was aware that she had been charged with contempt for failure to appear.
 {¶ 29} In addition, the record indicates that the parties waived a record of the trial court's hearing on defendant's objection to the magistrate's decision. As such, we have no way of knowing if defendant raised a due process argument regarding the sufficiency of the November 17, 2004 entry as notice that she would be subject to contempt sanctions for her failure to appear at the July 6, 2004 hearing. It is axiomatic that an appellant has a duty to provide a transcript of trial court proceedings for appellate review, as the appellant bears the burden of demonstrating error by reference to matters in the record.Carter v. Le, Franklin App. No. 05AP-173, 2005-Ohio-6209, at ¶ 19. Absent a transcript of the trial court hearing, this court must presume that defendant raised no due process concerns regarding the November 17, 2004 entry.
 {¶ 30} An appellate court will not reverse a trial court's finding of contempt, including the imposition of penalties, absent an abuse of discretion. Byron, supra, at ¶ 15. An abuse of discretion is more than an error of law or judgment; it implies an attitude on the part of the trial court that is unreasonable, unconscionable, or arbitrary. State v. Myers,97 Ohio St.3d 335, 2002-Ohio-6657, at ¶ 75, citing State v. Adams
(1980), 62 Ohio St.2d 151, 157. Furthermore, when applying this standard of review, an appellate court may not substitute its judgment for that of the trial court. In re Jane Doe I (1991),57 Ohio St.3d 135, 137-138, citing Berk v. Matthews (1990),53 Ohio St.3d 161, 169. We cannot find that the trial court abused its discretion in concluding that the November 17, 2004 entry sufficiently apprised defendant that she was being charged with two separate contempts — one for failure to pay child support and one for failure to appear at the July 6, 2004 hearing.
 {¶ 31} Furthermore, even if the November 17, 2004 entry was insufficient to apprise defendant that she was subject to a contempt finding for failure to appear at the July 6, 2004 hearing, the record fails to demonstrate that the insufficient notice prejudiced defendant. Defendant was afforded the opportunity to defend against or explain the charge of contempt on the failure to appear. As noted, defense counsel initially argued that defendant's failure to appear at the July 6, 2004 hearing resulted from her never having received notice of the hearing. More specifically, counsel averred that notice was sent to an old address and that defendant's former roommate must have signed the certified mail receipt. Defense counsel ultimately averred, however, that defendant would not contest service. Defense counsel's assertion on behalf of defendant constitutes an admission by defendant to the contempt on the failure to appear. By such admission, defendant waived any further argument concerning defenses she would have mounted had she been given sufficient notice of the contempt for failure to appear.
 {¶ 32} Since defendant admitted to the contempt charge on the failure to appear, the trial court properly found defendant guilty on that charge. The trial court was thus entitled, pursuant to R.C. 2705.05(A)(1), to impose a jail sentence of up to 30 days on the failure to appear in addition to the jail sentence for failure to pay child support. The trial court reasonably viewed the 25 days defendant had already spent in jail as punishment for her failure to appear. As such, the trial court properly rejected defendant's equal protection claim, as that claim was premised upon the theory that the 25 days she spent in jail should have been credited to her sentence on the child support contempt. As previously determined, the 25-day jail sentence was properly imposed on the separate charge of contempt for failure to appear at the July 6, 2004 hearing.
 {¶ 33} Finally, although not addressed by either party, we find it necessary to comment upon a procedural aspect of this case. "[I]n ruling on objections to a magistrate's decision the trial court is required to make a full and independent judgment of the referred matter." Flynn v. Flynn, Franklin App. No. 03AP-612, 2004-Ohio-3881, at ¶ 12, citing DeSantis v. Soller
(1990), 70 Ohio App.3d 226, 232 Upon review, the trial court may "adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter." Civ.R. 53(E)(4)(b). The trial court should not adopt the magistrate's decision unless it fully agrees with it. Flynn, supra. Here, although the trial court indicated in its judgment that it "adopted" the magistrate's decision, it is clear that the court did not "fully agree" with that decision, as the court acknowledged that the magistrate did not expressly resolve the issue of defendant's contempt for failure to appear at the child support contempt hearing. The trial court, pursuant to its obligation to conduct a "full and independent judgment of the referred matter, resolved that issue. Thus, the trial court "modified" rather than "adopted" the magistrate's decision. As noted, modification of a magistrate's decision, based upon a trial court's "full and independent judgment of the referred matter," is appropriate under Civ.R. 53(E)(4)(b).
 {¶ 34} For the foregoing reasons, defendant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is hereby affirmed.
Judgment affirmed.
Sadler and Travis, JJ., concur.