[Cite as *Craig v. Gilchrist*, 2021-Ohio-2199.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [Simone Craig, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 19AP-804 |
| v. | : | (C.P.C. No. 17JU-4732) |
| Terrence Gilchrist, | : | (REGULAR CALDENDAR) |
| Defendant-Appellant.] | : | |

D E C I S I O N

Rendered on June 29, 2021

**On brief:** *James E. Eby*, for Franklin County Child Support Enforcement Agency. **Argued:** *James E. Eby.*

**On brief:** *Terrence Gilchrist*, pro se. **Argued:** *Terrence Gilchrist.*

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

PER CURIAM.

{¶ 1} Defendant-appellant, Terrence Gilchrist, proceeding pro se, appeals from the October 24, 2019 judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch enforcing 10 days of a 30-day suspended sentence in the Franklin County Jail following the trial court finding him guilty of contempt of court. For the reasons explained below, this court determines this appeal to be moot as appellant has already served the 10-day sentence imposed by the trial court.

## I. Facts and Procedural History

{¶ 2}   Appellant was obligated to pay $204 weekly, plus $50 per week, pursuant to a child support order issued in New Jersey for support of his minor child.[1]   Because appellant resides in the state of Ohio, the support order was forwarded to Ohio to be registered for purposes of enforcement.   On May 3, 2017, appellant filed a "notice of contest of registration" ("contest").   The magistrate held a hearing on appellant's contest on October 31, 2017.   Ultimately, in a judgment entry issued November 6, 2017, the magistrate determined appellant's due process rights were not violated for lack of service and further that appellant failed to meet his burden of proof so as to defeat the registration of the child support order in Ohio.   The magistrate overruled appellant's contest and ordered the New Jersey child support order registered in Ohio for enforcement.   The trial court adopted the magistrate's decision the same day.   Despite having argued at the hearing that his due process rights were violated due to insufficient service, appellant neither filed an objection to the magistrate's decision nor an appeal of the November 6, 2017 judgment entry.

{¶ 3}   Appellant failed to make any payments of child support and, on September 11, 2018,   plaintiff-appellee, Franklin County Child Support Enforcement Agency ("FCCSEA"), filed a motion to have appellant found in contempt for failure to comply with the child support order and to determine and liquidate appellant's child support arrearage.   Appellant was personally served by process server with FCCSEA's motion on October 9, 2018. Counsel for appellant filed a request for discovery.

{¶ 4}   On November 29, 2018, the magistrate held a hearing on FCCSEA's motion. Appellant appeared along with his counsel.   Appellant did not testify nor did he raise argument related to service of the registration of the New Jersey order.   On December 20, 2018, the magistrate issued a decision finding appellant in contempt and sentencing him to 30 days in the Franklin County Jail.   The magistrate recommended suspending the entire sentence on the condition that appellant purge the contempt by liquidating the support arrearage of $48,246.60 (as of June 30, 2018) at the rate of $50.00 per month, plus

---

[1] According to a registration statement certified on March 23, 2017 by a records custodian reflected in the registration of foreign order request, appellant's child support obligation is stated to be $204 per week, plus "$50 p/w," which this court will assume means "per week" when comparing the statement to a cost of living adjustment order dated December 15, 2014 that provides appellant is ordered to pay $203 per week, effective December 17, 2014, plus $50 weekly for arrears payback. The record reflects that New Jersey increased appellant's child support obligation in accord with a cost of living adjustment from $203 per week to $204 per week. However, the magistrate stated in findings regarding the contempt proceedings that appellant's weekly obligation was $203 per week as child support.

processing charge, until arrears are fully liquidated. The magistrate's decision also maintained the order to appear and show cause. The magistrate continued the matter until January 24, 2019 for a review of the purge order before the trial court.[2] The trial court adopted the magistrate's decision the same day. Appellant filed neither an objection to the magistrate's decision nor an appeal of the December 20, 2018 judgment entry.

{¶ 5} The record reflects 11 review hearings were held before the trial court for review of appellant's compliance with the purge order found in the December 20, 2018 judgment entry. The record also reflects appellant was placed with the Compass Program ("Compass") to assist him with finding employment.

{¶ 6} On June 27, 2019, appellant appeared for a review hearing before the trial court. At the conclusion of the hearing the trial court issued an entry sentencing appellant to serve 3 days and suspending 27 days of the 30-day sentence. The matter was continued for further review before the trial court. No appeal was filed by appellant.

{¶ 7} Appellant again appeared before the trial court on August 8, 2019 for a review hearing that concluded with the trial court issuing an entry ordering appellant to serve 5 additional days of the suspended sentence and suspending 22 days of the 30-day sentence. The matter was continued for further review before the trial court. Once again, no appeal was filed by appellant.

{¶ 8} Appellant was scheduled to appear for a review hearing before the trial court on October 24, 2019. The record reflects that although the hearing was scheduled for 9:00 a.m., as of 11:00 a.m. appellant had not appeared. The trial court went on the record in the matter at 11:00 a.m. and counsel for FCCSEA requested issuance of a capias to secure appellant's presence. In response, counsel for appellant informed the trial court her client had a medical procedure and was trying to appear. The trial court noted appellant had a habit of appearing at 1:30 p.m. and held the matter open until the afternoon docket in the event he appeared.

{¶ 9} Appellant did appear with counsel the same afternoon for the review hearing. According to counsel for FCCSEA, appellant had not made a single payment to FCCSEA and, as of the date of the hearing, arrears totaled $61,056.60. Counsel for appellant stated two payments had been made by appellant since September 17, 2019, one for $10.00 and a

---

[2] Appellant signed a waiver of service of summons and notice of hearing for the January 24, 2019 hearing.

second for $50.00; however, both were paid in New Jersey and not the matter at bar. Counsel for appellant suggested there may be confusion on appellant's part as to where his obligation should be paid. Counsel for FCCSEA did not dispute appellant made a $10.00 payment, however, maintained appellant had not made a single payment in Ohio through FCCSEA.

{¶ 10} Counsel for FCCSEA also noted appellant was placed in the Compass and several review hearings were held regarding appellant's participation in the program. Transcripts from prior hearings indicate appellant did not work with Compass providers and did not comply with orders from Compass. The trial court inquired as to why appellant was not fully employed despite numerous referrals and an application filed with a temporary agency at the court. Appellant's counsel noted appellant had become a substitute teacher with the Columbus Diocese, but that appellant relied on public transportation which interfered with his ability to work on weekends. The trial court's statements during the hearing reflect the trial court was well acquainted with appellant's case and defenses as to why appellant was not yet gainfully employed were not well taken. Counsel for FCCSEA also stated appellant filed an erroneous entry on September 9, 2019 that had to be vacated by Judge Hawkins.

{¶ 11} Ultimately, the trial court issued a judgment entry ordering appellant to serve 10 additional days of the suspended sentence and suspending the remaining 12 days of the 30-day sentence.

## II. Assignments of Error

{¶ 12} Appellant appeals and assigns the following three assignments of error for our review:

> I. The trial court committed an unconstitutional taking from the child as well as an unconstitutional infringement upon the fundamental rights of the child and noncustodial parent * * * with the imposition of the suspended civil sentence.
>
> II. The trial court erred as a matter of law in apply the wrong standard for the burden of proof when the non-movant had by preponderance of the evidence substantially complied with the civil purge conditions.
>
> III. Cumulative error by the trial court infringed upon substantial rights and deprived the Defendant of a fundamentally fair trial, from the following errors: disability under the Americans with Disabilities Act * * *; erroneous

adverse inference * * *; denial of full faith and credit of appellate proceedings * * *; lack of personal jurisdiction * * *; and improper vacating of a valid order * * *.

(Sic passim.)

## III. Analysis

{¶ 13} Appellant asserts three assignments of error regarding the trial court's judgment entry ordering him to serve 10 days in the Franklin County Jail. Because, as we explain below, this appeal is moot, we decline to address the merits of appellant's assignments of error. We will, however, address appellant's argument that the trial court did not have personal jurisdiction to register and enforce the registration of foreign order ("ROFO"). We will also address the nature of the contempt ordered and the enforcement of the 10 days as that is the basis of our determination that the appeal is moot.

## A. Rejection of Appellant's Argument That the Trial Court Lacked Personal Jurisdiction

{¶ 14} Appellant argues he was not properly served with the ROFO and notice to non-registering party ("notice"), thereby asserting the trial court never obtained personal jurisdiction over him.

{¶ 15} The record reflects the ROFO and notice were filed April 6, 2017 along with a request for service by certified mail. Proof of issuance of certified mail was filed April 11, 2017. The record does not contain a signed return receipt for certified mail, nor does the record reflect that delivery by certified mail failed. Notwithstanding, appellant filed a contest to the ROFO on May 3, 2017. Subsequent to appellant's contest being filed, a request for personal service via process server was filed May 4, 2017. The return of personal service, filed May 11, 2017, indicates appellant was personally served at 10:00 a.m. on May 11, 2017 by process server with "notice to non-reg (sic) party/reg (sic) of foreign order."

{¶ 16} Appellant's contest of the ROFO was set for an evidentiary hearing before the magistrate on October 31, 2017 and at that time appellant raised his argument regarding insufficiency of service of process of the ROFO. In support, appellant argued service was deficient by both certified mail and process server. Appellant argued the requirements of certified mail were not satisfied because the documents to be served were mailed and delivered to his residence but placed in the mailbox without a card for his signature. Appellant also argued the process server did not personally serve him with the ROFO and notice at 10:00 a.m. on May 11, 2017 as indicated on the return of service and that the

documents were discovered by appellant at 11:37 a.m. in front of his residence. Appellant acknowledged the process server's actions could result in valid residence service; however, appellant did not believe this comported with the requirements of due process. Upon questioning from the magistrate, appellant affirmed he received the ROFO and notice by mail at this residence and from receipt of the same filed his contest. The magistrate then recognized appellant filed his contest to the registration on May 3, 2017, approximately one week before the process server came to appellant's residence.

{¶ 17} The magistrate found appellant failed to meet his burden of proof so as to defeat the registration of the child support order in Ohio and further found appellant's arguments related to insufficiency of service of process to be unavailing. With regard to sufficiency of service, the magistrate made the following findings:

> [Appellant's] due process rights have not been violated. [Appellant] was aware of New Jersey's request that his child support order be registered for enforcement in Ohio. United States – the postal service delivered the registration packet and the process server did leave the registration packet at his house. Because [appellant] received the registration packet and was aware that New Jersey was making this request for registration his due process rights were not violated.

(Nov. 6, 2017 Mag.'s Decision at 1.) Appellant did not file an objection to the magistrate's decision or appeal the judgment entry adopting the magistrate's decision. *See* Civ.R. 53(D)(3)(b), Juv.R. 40(D)(3)(b), and App.R. 4(B)(2)(c). The ROFO was thereby registered pursuant to judgment entry filed November 6, 2017 adopting the magistrate's decision. Based on the facts and circumstances set forth herein, this court does not agree with appellant's position that the trial court lacked jurisdiction to register and enforce the ROFO.

{¶ 18} R.C. 3115.603 states as follows:

> (A) A support order or income-withholding order issued in another state or a foreign support order is registered when the order is filed in the registering tribunal of this state.
>
> (B) A registered support order issued in another state or a foreign country is enforceable in the same manner and is subject to the same procedures as an order issued by a tribunal of this state.
>
> (C) Except as otherwise provided in this chapter, a tribunal of this state shall recognize and enforce, but may not modify, a

registered support order if the issuing tribunal had jurisdiction.

Here, the New Jersey court is the "issuing tribunal,"[3] and the state of Ohio, Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is the "registering tribunal."[4]  Pursuant to R.C. 3115.603(A), once the New Jersey child support order to which appellant was subject was filed in the Ohio trial court, it was registered.  R.C. 3115.605(A) states in relevant part that "[w]hen a support order or income-withholding order issued in another state or a foreign support order is registered, the registering tribunal of this state shall *notify* the nonregistering party.  The notice must be accompanied by a copy of the registered order and the documents and relevant information accompanying the order."  (Emphasis added.)  Therefore, once the New Jersey child support order was registered with the trial court, the trial court was required to notify appellant, the non-registering party.  As noted above, the record reveals the trial court notified appellant.

{¶ 19} R.C. 3115.606 permits a non-registering party to contest the validity or enforcement of a registered support order.  R.C. 3115.607(A) outlines the defenses a non-registering party may assert and must prove upon contesting a ROFO.  R.C. 3115.607 states:

> (A) A party contesting the validity or enforcement of a registered support order or seeking to vacate the registration has the burden of proving one or more of the following defenses:
>
> (1) The issuing[5] tribunal lacked personal jurisdiction over the contesting party.
>
> (2) The order was obtained by fraud.
>
> (3) The order has been vacated, suspended, or modified by a later order.
>
> (4) The issuing tribunal has stayed the order pending appeal.

---

[3] R.C. 3115.102(M) defines "[i]ssuing state" as "the state in which a tribunal issues a support order or a judgment determining parentage of a child."  R.C. 3115.102(N) defines "[i]ssuing tribunal" as "the tribunal of a state or foreign country that issues a support order or a judgment determining parentage of a child."

[4] R.C. 3115.102(V) defines "[r]egistering tribunal" as "a tribunal in which a support order or judgment determining parentage of a child is registered."

[5] As noted above, the issuing tribunal is the New Jersey court, not the Ohio court.

(5) There is a defense under the law of this state to the remedy sought.

(6) Full or partial payment has been made.

(7) The statute of limitation under section 3115.604 of the Revised Code precludes enforcement of some or all of the alleged arrearages.

(8) The alleged controlling order is not the controlling order.

(B) If a party presents evidence establishing a full or partial defense under division (A) of this section, a tribunal may stay enforcement of a registered support order, continue the proceeding to permit production of additional relevant evidence, and issue other appropriate orders. An uncontested portion of the registered support order may be enforced by all remedies available under the law of this state.

(C) If the contesting party does not establish a defense under division (A) of this section to the validity or enforcement of a registered support order, the registering tribunal shall issue an order confirming the order.

Here, after holding the October 31, 2017 evidentiary hearing, at which appellant testified, the magistrate rejected appellant's argument that the registration was invalid. The magistrate found appellant's due process rights had not been violated. The magistrate specifically held "[r]espondent did not prove any of the offenses that are listed in [R.C.] 3115.607(A), that would justify not registering New Jersey's child support order for enforcement in the State of Ohio." (Nov. 6, 2017 Mag.'s Decision at 1.) The magistrate's decision reflects her decision to issue an order to "[r]egister New Jersey's child support order in Ohio for enforcement." (Nov. 6, 2017 Mag.'s Decision at 1.) The same day, the trial court adopted the magistrate's decision. Appellant did not file objections to the magistrate's decision. Appellant also did not appeal the trial court's decision adopting the same. R.C. 3115.608 states: "[c]onfirmation of a registered support order, whether by operation of law or after notice and hearing, precludes further contest of the order with respect to any matter that could have been asserted at the time of registration." The New Jersey registered child

support order has been confirmed and appellant is now precluded from further contest of the order.[6]

{¶ 20} Accordingly, appellant's argument asserting insufficient service of process and lack of personal jurisdiction is without merit.

## B. The Nature of the Contempt Order

{¶ 21} " 'Contempt is a disregard of, or disobedience to, an order or command of judicial authority.' " *Epitropoulos v. Epitropoulos*, 10th Dist. No. 10AP-877, 2011-Ohio-3701, ¶ 33, quoting *Wesley v. Wesley*, 10th Dist. No. 07AP-206, 2007-Ohio-7006, ¶ 10,

---

[6] We acknowledge that notwithstanding the applicable statutory sections from R.C. Chapter 3115, which we have explained above, appellant presented his argument regarding lack of personal jurisdiction within the framework of Civ.R. 4.1. Even arguendo if we were to consider his argument within this framework, we would reject it.

"Personal jurisdiction is the authority of a court to enter a constitutionally binding judgment on a particular defendant, and it is an affirmative defense that may be waived." *Green v. Huntley*, 10th Dist. No. 09AP-652, 2010-Ohio-1024, ¶ 12, citing *Harris v. Mapp*, 10th Dist. No. 05AP-1347, 2006-Ohio-5515, ¶ 9, citing *NetJets, Inc. v. Binning*, 10th Dist. No 04AP-1257, 2005-Ohio-3934, ¶ 4; Civ.R. 12(H). The manner for presenting jurisdictional defenses, and waiver of such defenses, is prescribed in Civ.R. 12. *Kvinta v. Kvinta*, 10th Dist. No. 02AP-836, 2003-Ohio-2884, ¶ 59. Civ.R. 12(B) requires that a defense of lack of personal jurisdiction or insufficiency of service of process be presented in the defendant's answer or by motion prior to the filing of the answer and the failure to utilize these methods results in a waiver of the affirmative defense. *NetJets* at ¶ 4; *Kvinta* at ¶ 57; Civ.R. 12(B)(2), (B)(5), and (H).

If we were to analyze the procedural history and facts within the framework appellant urges, we would find the contest filed by appellant on May 3, 2017 did not present any specific affirmative defenses, including insufficiency of service of process or lack of personal jurisdiction, contrary to the mandates of Civ.R. 12(B). Therefore, appellant waived the defense of insufficient service and lack of personal jurisdiction. Civ.R. 12(H). Moreover, appellant filed his contest to defend against the ROFO and had the opportunity to participate in the October 31, 2017 proceedings regarding his contest of the ROFO; therefore, appellant was not deprived of procedural due process by the trial court in registering the ROFO. *See Kvinta* at ¶ 62.

Appellant acknowledges the potential for waiver but asserts his participation in the October 31, 2017 hearing was not a waiver of the defense of insufficiency of service of process. Even assuming, arguendo, it was not, we have held: " 'a defendant is considered to have waived his defense of lack of personal jurisdiction when his conduct does not reflect *a continuing* objection to the power of the court to act over the defendant's person.' " (Emphasis added.) *Harris* at ¶ 10, citing *Nichols, Rogers & Knipper LLP v. Warren*, 2d Dist. No. 18917 (Jan. 11, 2002). Appellant did not assert affirmative defenses in accord with Civ.R. 12 when he filed his contest, nor did he continue objections, if any, to sufficiency of service after the magistrate registered the ROFO by filing an objection to the November 6, 2017 magistrate's decision or appealing the trial court's adoption of the same. *See* Loc.R. 32(C) of the Court of Common Pleas of Franklin County, Domestic Relations Division and Juvenile Branch, Civ.R. 12(B)(2) and (B)(5), and 53(D)(3)(b); *See also Lundeen v. Turner*, ___ Ohio St.3d ___, 2021-Ohio-1533, ¶ 22. Thereafter, appellant, through counsel, requested discovery related to FCCSEA's contempt filing, appeared before the trial court for a hearing on FCCSEA's contempt proceeding and appeared before the trial court in numerous review hearings. Not once during appellant's participation in the aforementioned trial court proceedings did he raise argument related to insufficiency of service of process. As such, we would find appellant waived affirmative defenses and voluntarily submitted himself to the jurisdiction of the court.

citing *Sansom v. Sansom*, 10th Dist. No. 05AP-645, 2006-Ohio-3909.[7]  "In a case of civil contempt, '[t]he purpose of sanctions, including punishment, is not for the purpose of punishment, but rather for the purpose of encouraging or coercing a party in violation of the decree to comply with the violated provision of the decree for the benefit of the other party.' " *Id.*, quoting *Williamson v. Cooke*, 10th Dist. No. 05AP-936, 2007-Ohio-493, ¶ 11, citing *Pugh v. Pugh*, 15 Ohio St.3d 136, 139 (1984). " 'Moreover, a sanction for civil contempt must allow the contemptnor [sic] the opportunity to purge himself of the contempt *prior to* imposition of any punishment.' " (Emphasis sic.) *Id.*, quoting *Williamson*, citing *O'Brien v. O'Brien*, 5th Dist. No. 2003CA12069, 2004-Ohio-5881. Therefore, so long as the contemnor obeys the trial court's order, "prison sentences are conditional." *Id.*, citing *Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 253 (1980). When a defendant has made a payment or otherwise purged the contempt, an appeal from the contempt charge is moot. *Id.* at ¶ 34.

## C. Appellant's Appeal is Moot

{¶ 22} Appellant appeals the trial court's judgment entry sentencing him to serve 10 days of a suspended 30-day sentence.  The judgment entry ordered appellant to serve 10 days commencing October 24, 2019.  Appellant appealed the judgment entry 30 days after he commenced his sentence and after the 10-day sentence was served.  Because appellant served the sentence, FCCSEA argues appellant's appeal should be dismissed as moot.  Conversely, appellant argues his appeal is a live matter, with a constitutional question, capable of repetition that evades review.  Because FCCSEA's argument is dispositive of appellant's appeal, we will address whether appellant's appeal is moot.

{¶ 23} In support that payment of an imposed contempt sanction rendered an appeal moot, this court has held: " 'To the extent that plaintiff served the ten-day sentence imposed, his appeal of the contempt finding is moot.' " *Wesley* at ¶ 12, quoting *Evans v.*

---

[7] "An appellate court will not reverse a trial court's finding of contempt, including the imposition of penalties, absent an abuse of discretion." *Sansom* at ¶ 30, citing *Byron v. Byron*, 10th Dist. No. 03AP-819, 2004-Ohio-2143, ¶ 15. "An abuse of discretion is more than an error of law or judgment; it implies an attitude on the part of the trial court that is unreasonable, unconscionable, or arbitrary." *Id.*, citing *State v. Myers*, 97 Ohio St.3d 335, 2002-Ohio-6658, ¶ 75, citing *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). "Furthermore, when applying this standard of review, an appellate court may not substitute its judgment for that of the trial court." *Id.*, citing *In re Jane Doe I*, 57 Ohio St.3d 135, 137-38 (1991), citing *Berk v. Matthews*, 53 Ohio St.3d 161, 169 (1990). " '[T]he primary interest involved in a contempt proceeding is the authority and proper functioning of the court, [and therefore] great reliance should be placed upon the discretion of the [court].' " *State ex rel. Cincinnati Enquirer v. Hunter*, 138 Ohio St.3d 51, 2013-Ohio-5614, ¶ 29, quoting *Denovchek v. Trumbull Cty. Bd. of Commrs.*, 36 Ohio St.3d 14, 16 (1988).

*Evans*, 10th Dist. No. 00AP-1459 (Sept. 20, 2001). Appellant has already served the days imposed by the trial court which he now challenges and therefore his appeal is moot.

{¶ 24} This court has also held an otherwise moot case may be decided when the matter raises: "(1) an issue that is capable of repetition, yet evades review, or (2) a debatable constitutional question yet to be resolved or issues concerning a matter of great public or general interest." *Rithy Props., Inc. v. Cheeseman*, 10th Dist. No. 15AP-641, 2016-Ohio-1602, ¶ 20, citing *In re L.W.,* 168 Ohio App.3d 613, 2006-Ohio-644, ¶ 12 (10th Dist.). Appellant urges us to find these exceptions apply and to decide his challenge to the trial court's imposition of the 10-day sentence.

{¶ 25} In support of his argument that this appeal is a live matter, with a constitutional question, capable of repetition that evades review, appellant presents two constitutional questions. The first, whether the imposition of the suspended sentence infringed on the fundamental rights of the child and parent and the second, whether the excessive imposed sentence was an erroneous deprivation of liberty. Appellant also argues the imposed sentence was too short in duration to be fully litigated before its cessation as 10 days is shorter than the time for the procedures involved in appeal, and further that 12 days remain from the 30-day suspended sentence and he does not earn sufficient funds to comply with the purge order.

{¶ 26} First, as noted above, appellant has raised his constitutional arguments for the first time on appeal and we decline to address them now. Second, the exception to the doctrine of mootness because the issues are "capable of repetition, yet evading review, * * * '*applies only in exceptional circumstances* in which the following two factors are both present: (1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.' " (Emphasis added.) *State ex rel. Ames v. Summit Cty. Court of Common Pleas*, 159 Ohio St.3d 47, 2020-Ohio-354, ¶ 9, quoting *State ex rel. Calvary v. Upper Arlington*, 89 Ohio St.3d 229, 231 (2000).

{¶ 27} We are not persuaded that the arguments raised by appellant warrant our applying the exceptions for mootness. Should appellant be subject to the imposition of more jail time on the remaining days of his suspended 30-day sentence, the circumstances and facts on which a new sentence may be imposed would be different than those forming the basis of appellant's imposed sentence from which he appeals here. *See Catudal v.*

*Catudal*, 10th Dist. No. 12AP-951, 2013-Ohio-2748, ¶ 25 ("the exception for 'capable of repetition, yet evading review' does not apply here because any new stay will necessarily involve a different set of circumstances and determinations than those forming the basis of the first stay").

{¶ 28} Accordingly, we find appellant's appeal is moot and we decline to apply the exceptions to mootness.

**IV. Conclusion**

{¶ 29} Having found appellant's argument regarding sufficiency of service to be without merit and appellant's appeal to be moot, this appeal is hereby dismissed.

*Appeal dismissed.*

DORRIAN, P.J., KLATT and MENTEL, JJ., concur.

_____