OPINION
{¶ 1} Defendant-appellant, Bruce A. Byron, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, that granted the motion of plaintiff-appellee, Deborah M. Byron (n.k.a. Zak), to hold defendant in contempt for failure to comply with the trial court's divorce decree. Because the trial court did not abuse its discretion, we affirm.
 {¶ 2} On December 12, 1996, the parties entered into an agreement regarding the issues raised in their divorce, and the trial court journalized the agreement on December 13, 1996 as an Agreed Judgment Entry Decree of Divorce ("Decree"). For purposes of this appeal, two provisions of the Decree are pertinent. Specifically, pursuant to paragraph 4.C.2. of the Decree, plaintiff is "entitled to receive ½ of the portion of Defendant's monthly payment for his total creditable retirement points earned from April 22, 1978 to the date of this Decree (estimated at ½ of $506.90 per month or $253.45 per month)." (Decree, 10.) Although plaintiff would have received the benefit in the form and at the time provided for by the pension plan itself, inapplicability of a Qualified Domestic Relations Order ("QDRO") prompted a requirement in the Decree mandating that defendant prepare "all appropriate orders" relative to accomplishing the agreed division of his military pension. Id. Also implicated in defendant's appeal is the provision in the Decree ordering defendant, as security for his obligation to pay spousal support for 12 years, to maintain a $100,000 life insurance policy through his employer, naming plaintiff as the beneficiary.
 {¶ 3} On August 24, 2000, plaintiff filed a motion requesting that the trial court find defendant in contempt for the following reasons: (1) his failure to pay spousal support, (2) his failure to take the necessary steps to divide his military pension, and (3) his failure to provide documentary proof that plaintiff is the designated beneficiary of a $100,000 life insurance policy.
 {¶ 4} On January 9, 2001, the trial court heard plaintiff's motion; plaintiff was present and represented by counsel. Defendant, although personally served and notified of the hearing date, was not present; counsel, however, appeared on defendant's behalf and orally moved for a continuance. The trial court denied the request, as the matter previously had been continued at defendant's request. Because counsel indicated defendant had not cooperated with counsel, the trial court granted counsel's motion to withdraw.
 {¶ 5} Premised on plaintiff's testimony, the trial court found defendant in contempt for failure to pay spousal support, for failure to take the necessary steps to divide his military pension, and for his failure to show documentary proof that plaintiff was the designated beneficiary of a $100,000 life insurance policy since the date of their 1996 divorce. By judgment entry journalized on January 24, 2001, the trial court ordered defendant to take the necessary steps to divide his military pension within the next 30 days. In the event that defendant failed to comply, the trial court ordered that defendant be fined $50 per day until the paperwork was completed. Likewise, defendant was given 30 days to provide plaintiff with documentary proof that she was the designated beneficiary of a $100,000 life insurance policy. Lastly, defendant was ordered to pay the unpaid balance of spousal support owed to plaintiff, with interest, and to pay plaintiff's attorney fees incurred in bringing the contempt motion. Defendant did not appeal from the January 24, 2001 judgment.
 {¶ 6} On June 12, 2002, plaintiff filed a motion requesting that the trial court order defendant to appear and show cause why he should not be held in contempt for his failure to obey the January 24, 2001 judgment. On June 14, 2002, defendant was personally served. Thereafter, the hearing date was rescheduled once at defendant's request and twice because the court was unavailable. On December 13, 2002, plaintiff was notified by the Defense Finance and Accounting Service that the necessary paperwork had been received and processed regarding the division of defendant's military pension.
 {¶ 7} On February 11, 2003, the day plaintiff's June 12, 2002 motion was set for hearing, defendant filed a Civ.R. 60(B) motion for relief from the trial court's January 24, 2001 judgment. Defendant asserted that he had tried numerous times to comply with the trial court's original orders, that the trial court did not have jurisdiction to fine defendant without a showing of damages, and that plaintiff had suffered no damages as a result of defendant's late compliance with the trial court's orders. Because of the timing of defendant's Civ.R. 60(B) motion, the hearing was rescheduled at plaintiff's request for April 8, 2003. Defendant requested a continuance; neither plaintiff nor her counsel was ever served with the request, and the trial court denied it.
 {¶ 8} Defendant did not appear at the April 8, 2003 hearing, but counsel appeared on defendant's behalf. At that time, counsel for defendant orally requested that the matter be continued to allow defendant to secure a witness. The trial court agreed to delay its decision for two weeks in order to permit defendant to document his witness' unavailability.
 {¶ 9} On July 9, 2003, the trial court entered a judgment granting plaintiff's motion to enforce the court's January 24, 2001 judgment, denying defendant's motion for relief from judgment as untimely, and finding defendant in contempt of court. Although the trial court noted that as of December 13, 2002 defendant finally completed the paperwork necessary to divide his military pension, the trial court, pursuant to its January 24, 2001 judgment, fined defendant a total of $32,900, plus attorney fees, $50 per day for the 658 days that he had failed to comply with the trial court's entries. The trial court, however, granted defendant an additional 30 days within which to provide plaintiff proof that she had become the beneficiary of a $100,000 life insurance policy. In the event that defendant failed to comply within 30 days, the trial court ordered that defendant be fined $50 per day for each day thereafter that he failed to comply. Defendant appeals, assigning the following errors:
I. The trial court erred in refusing to grant the defendant's motion for a continuance.
II. The trial court erred in ordering the defendant to pay to the plaintiff a clearly excessive fine of $50.00 per day.
III. The trial court erred in refusing to grant the defendant's motion for relief from judgment in accordance with Ohio Civil Rule 60(b).
 {¶ 10} Addressing first defendant's second assignment of error, we note defendant's assertion that the trial court erred in finding him in contempt and in ordering him to pay the prescribed fine.
 {¶ 11} Contempt results when a party before a court disregards or disobeys an order or command of judicial authority.First Bank of Marietta v. Mascrete, Inc. (1998),125 Ohio App.3d 257, 263. Contempt of court may also involve an act or omission substantially disrupting the judicial process in a particular case. In re Davis (1991), 77 Ohio App.3d 257, 273. The law surrounding contempt was created to uphold and ensure the effective administration of justice, secure the dignity of the court, and affirm the supremacy of law. Cramer v. Petrie
(1994), 70 Ohio St.3d 131, 133.
 {¶ 12} Contempt has been classified as either direct or indirect. Direct contempt occurs in the presence of the court in its judicial function. R.C. 2705.01. Indirect contempt involves behavior that occurs outside the presence of the court and demonstrates a lack of respect for the court or its lawful orders. State v. Drake (1991), 73 Ohio App.3d 640, 643. The distinction between civil and criminal contempt depends upon the character and purpose of the punishment imposed. State ex rel.Johnson v. Perry County Court (1986), 25 Ohio St.3d 53, 55, superseded on other grounds. Civil contempt is remedial or coercive in nature and will be imposed to benefit the complainant. Pugh v. Pugh (1984), 15 Ohio St.3d 136, 139. The burden of proof for civil contempt is clear and convincing evidence. See Id. Normally, contempt proceedings in domestic relations matters are civil in nature because their purpose is to coerce or encourage future compliance with the court's orders. Impossibility of compliance is an affirmative defense for which the alleged contemnor has the burden of proof. Olmsted Twp. v.Riolo (1988), 49 Ohio App.3d 114, 117, citing Smedley v. State
(1916), 95 Ohio St. 141, 142-143.
 {¶ 13} Pursuant to R.C. 2705.05(A), the appropriate sanctions available for a finding of contempt include a fine of not more $250 and/or imprisonment of not more than 30 days in jail for a first offense, a fine of not more than $500 and/or imprisonment of not more than 60 days in jail for a second offense, or a fine of not more than $1,000 and/or imprisonment of not more than 90 days in jail for a third or greater offense. See, also, Feltonv. Felton (1997), 79 Ohio St.3d 34, 38-39.
 {¶ 14} Pursuant to both R.C. 2705.02(A) and its inherent powers, a court has the authority to punish disobedience of its orders with contempt proceedings. Zakany v. Zakany (1984),9 Ohio St.3d 192, syllabus. Indeed, it is highly doubtful the legislature could properly limit the power of a court to punish for contempt. Cincinnati v. Cincinnati District Council 51
(1973), 35 Ohio St.2d 197, 207-208. Thus, this court and others have held that a court's power to punish contempt by way of a penalty is not limited by the express monetary penalties set forth in R.C. 2705.05. See Whitehall v. Bambi Motel, Inc. (Dec. 18, 1997), Franklin App. No. 97APC04-539 (noting that a sanction of, among others, a daily fine for each future day of noncompliance was not barred by R.C. 2705.05); McDaniel v.McDaniel (1991), 74 Ohio App.3d 577, 579 (concluding a court may punish contemptuous acts pursuant to its inherent powers and without regard to the statutory penalties); Moraine v. StegerMotors, Inc. (1996), 111 Ohio App.3d 265, 269; Riolo, at 116-117; In re Sechler (May 4, 1999), Franklin App. No. 98AP-1223.
 {¶ 15} When reviewing a finding of contempt, including a trial court's imposition of penalties, an appellate court must apply an abuse of discretion standard. In re Contempt of Morris
(1996), 110 Ohio App.3d 475, 479, citing Dozer v. Dozer (1993),88 Ohio App.3d 296, 302; Arthur Young Co. v. Kelly (1990),68 Ohio App.3d 287, 294. An abuse of discretion connotes more than an error of law or judgment; it implies the trial court's attitude is unreasonable, arbitrary or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 16} Here, although defendant had notice of the contempt hearing, he failed to appear. Defendant has not asserted that he was unaware of the trial court's January 24, 2001 judgment entry finding him in contempt and ordering him to complete the paperwork necessary to divide his military pension, as required by the terms the 1996 Decree. Both in the trial court and before this court on appeal, defendant instead argued that the delay arose because defendant could not comply with the trial court's orders, as the pension could not be divided until such time as the payments began.
 {¶ 17} Defendant's December 13, 2002 compliance with the trial court's orders, albeit untimely, substantially undermines his argument. Indeed, defendant sets forth no reason why compliance became possible as of December 13, 2002, but was impossible before that date. Moreover, as of July 9, 2003, defendant continually refused to document that he maintained a life insurance policy in the amount of $100,000 naming plaintiff as a beneficiary. Thus, six years from the date of the original Decree, defendant just recently had completed the paperwork necessary to provide for the proper division of his military pension, and he continued to fail to present documentary proof regarding the life insurance policy.
 {¶ 18} Presented with such facts, we cannot find the trial court abused its discretion in attempting to coerce defendant into compliance with the Decree. Indeed, although the fine is substantial, it arguably is within the statutory parameters of R.C. 2705.05(A), and, in any event, is within the inherent authority of the court. Cincinnati, supra. Moreover, the fine cannot be deemed excessive, as it apparently remains unsuccessful in assuring defendant's compliance. Defendant's second assignment of error is overruled.
 {¶ 19} In his first assignment of error, defendant contends the trial court abused its discretion in failing to grant him a continuance in order to obtain the presence of a material witness. While the record does not explicitly so state, defendant apparently intended to present a witness who would establish that defendant could not possibly comply with the trial court's order to complete the paperwork necessary to divide his military pension. Whether to grant a motion for continuance is a matter entrusted to the broad, sound discretion of the trial judge.State v. Unger (1981), 67 Ohio St.2d 65. Here, the trial court noted that it previously had granted defendant a continuance, and it thus would proceed with the hearing. The trial court, however, indicated it would delay journalizing the judgment entry for two weeks in order to allow defendant enough time to provide documentation that the witness was unavailable.
 {¶ 20} Several factors support the trial court's decision to refuse defendant's request for a continuance. Initially, the trial court previously granted at least one request for a continuance on defendant's behalf. In addition, defendant had no compelling explanation for his failure to procure the witness' testimony at the hearing, even if the witness were unavailable for the hearing. Moreover, defendant's compliance, albeit tardy, with the trial court's order to complete the paperwork necessary to divide his military pension suggests the witness' testimony was largely irrelevant. Lastly, the trial court provided defendant two weeks within which to establish that his witness was unavailable, an opportunity for which defendant did not avail himself. Because the trial court did not abuse its discretion in denying defendant's request for a continuance, defendant's first assignment of error is overruled.
 {¶ 21} In his third assignment of error, defendant contends the trial court abused its discretion by failing to grant his motion for relief from judgment pursuant to Civ.R. 60(B). Defendant filed a motion requesting relief from the trial court's January 24, 2001 judgment entry on the basis of Civ.R. 60(B) which provides, in pertinent part, as follows:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time * * * [.]
Whether to vacate a judgment rests within the trial court's discretion and will not be reversed absent an abuse of discretion. Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9,12, citing Terwoord v. Harrison (1967), 10 Ohio St.2d 170.
 {¶ 22} Defendant contends he had a meritorious claim underlying his motion for relief from judgment, arguing that the trial court erred in dividing his contingent military pension at the time the final divorce decree was entered. According to defendant, his military pension vested only if defendant reached the age of retirement, and he thus was not able to divide his military pension.
 {¶ 23} Contrary to defendant's assertions, the original divorce decree ordered defendant to complete only the paperwork necessary to permit plaintiff to receive one-half of the portion of defendant's monthly payments for his total creditable retirement points earned between April 22, 1978 and December 12, 1996. As the trial court noted, defendant's military pension was not subject to a QDRO. The paperwork the trial court ordered defendant to complete would not have caused his pension to become immediately available to plaintiff. Moreover, the fact that defendant ultimately complied with the trial court's order belies his argument that compliance was impossible and that relief from judgment should have been granted. Defendant's third assignment of error is overruled.
 {¶ 24} Based on the foregoing, defendant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.
Judgment affirmed.
Watson and Sadler, JJ., concur.