OPINION
{¶ 1} This is an appeal by defendant-appellant, Bruce A. Byron, from a judgment of the Franklin County Court of Common Pleas denying appellant's motion for declaratory judgment.
 {¶ 2} In December 1996, appellant and plaintiff-appellee, Deborah Zak, entered into an agreement as to issues raised in their divorce, and the Franklin County Court of Common Pleas, Division of Domestic Relations ("domestic relations court"), journalized the agreement on December 13, 1996. See Byron v.Byron, Franklin App. No. 03AP-819, 2004-Ohio-2143, at ¶ 2. On August 24, 2000, appellee filed a motion requesting the domestic relations court to find appellant in contempt for: (1) failing to pay spousal support; (2) failing to take necessary steps to divide his military pension; and (3) failing to provide proof that appellee was the designated beneficiary of a life insurance policy. Id., at ¶ 3. By judgment entry filed January 24, 2001, the domestic relations court ordered appellant to take the necessary steps to divide his military pension, with the further provision that appellant would be subject to a fine of $50 per day until the paperwork was completed. Id., at ¶ 5.
 {¶ 3} On June 12, 2002, appellee filed a motion requesting the domestic relations court to find appellant in contempt for failure to obey the January 24, 2001 judgment. Id., at ¶ 6. Appellant subsequently filed a Civ.R. 60(B) motion for relief from the domestic relations court's judgment entered on January 24, 2001. Id., at ¶ 7. On July 9, 2003, the domestic relations court granted appellee's motion to enforce the court's January 24, 2001 judgment, and denied appellant's motion for relief from judgment. Id., at ¶ 9. The domestic relations court also found appellant in contempt, and fined him "a total of $32,900, plus attorney fees, $50 per day for the 658 days that he had failed to comply with the trial court's entries." Id.
 {¶ 4} Appellant appealed to this court from the July 9, 2003 judgment, raising three assignments of error, including the contention that the domestic relations court erred in ordering him to pay appellee "a clearly excessive fine of $50.00 per day." Id. In Byron, supra, this court overruled all three assignments of error, thus affirming the judgment of the domestic relations court.
 {¶ 5} On June 22, 2005, appellee initiated the instant action by filing a "notice to the judgment debtor," seeking to execute on the domestic relation court's July 2003 judgment entry. On July 27, 2005, appellant filed a motion for declaratory judgment "specifying whether the daily `fine' is owed to the Clerk of Courts or to the Judgment Creditor and whether the request for attorney fees is proper under the circumstances." In his supporting memorandum, appellant argued that the domestic relations court, in a 2003 entry, "fined" him $50 per day until certain paperwork was completed, but the court subsequently ordered him to pay appellee the sum of $32,900 for his failure to abide by the court's January 2001 order. Appellant asserted that the orders of the domestic relation's court were inconsistent; specifically, because the first order employed the term "fine," appellant argued that such fine should be paid to the clerk of courts rather than to appellee as provided in the court's subsequent order. Appellant further argued that attorney fees had been requested by appellee without the testimony of an expert witness as to whether such fees were reasonable under the circumstances.
 {¶ 6} By decision and entry filed on October 4, 2005, the trial court denied appellant's motion for declaratory judgment. In its decision, the court held in relevant part:
Judge Kim Browne's July 3, 2003 Order clearly provides, "Bruce A. Byron shall pay Deborah M. Zak $50.00 for each of the 658 days of non-compliance with this Court's January 24, 2001 Order, or a total of Thirty Two Thousand Nine Hundred dollars ($32,900.00)." The Order, therefore, clearly provides to whom Debtor should make payment. This Court will not disturb the decision of Judge Browne. * * *
 {¶ 7} On appeal, appellant sets forth the following single assignment of error for review:
THE TRIAL COURT ERRED IN FINDING THAT THE DAILY FINE ORDERED BY THE DOMESTIC RELATIONS COURT SHOULD BE PAID TO THE PLAINTIFF RATHER THAN TO THE CLERK OF COURTS.
 {¶ 8} Under his assignment of error, appellant argues that, in the earlier action, giving rise to the contempt finding, the domestic relations court erred in ordering the fine to be paid directly to appellee rather than to the clerk of courts. Appellant maintains that allowing appellee to collect the fine is improper because it deprives the clerk of courts of money belonging to the county, and because the garnishment will expose the debtor to being required to pay the ordered sum twice. Appellant thus contends that the trial court in the instant action abused its discretion in refusing to find that the domestic relations court could not legally award the fine imposed.
 {¶ 9} In general, in order to maintain an action for declaratory judgment, a party is required to show "that a real controversy exists between the parties, that the controversy is justiciable in character, and that speedy relief is necessary to preserve the rights of the parties." O'Donnell v. State, Scioto App. No. 05CA3022, 2006-Ohio-2696, at ¶ 9. The grant or denial of declaratory relief is a matter of judicial discretion, and "absent an abuse of discretion by the trial court, an appellate court is not permitted to question the trial court's decision to deny or grant such relief." Sigler v. Director, Ohio Dept. ofJobs Family Serv., Lucas App. No. L-05-1016, 2005-Ohio-4874, at ¶ 11, citing Bilyeu v. Motorists Mutual Ins. Co. (1973),36 Ohio St.2d 35.
 {¶ 10} Upon review, we find no abuse of discretion by the trial court in denying appellant's motion for declaratory judgment. As noted under the facts, appellant appealed the domestic relation court's July 2003 judgment imposing a fine of $32,900, plus attorney fees. In that appeal, while appellant argued that the trial court erred in ordering him to pay an excessive fine of $50 per day, he did not raise the contention that the trial court erred in ordering such fine to be paid to appellee rather than the clerk of courts, nor did he challenge the award of attorney fees.
 {¶ 11} Under Ohio law, a party may not "substitute a declaratory judgment proceeding for the appellate remedy which was available to him." Greatorex v. The Univ. of Cincinnati
(June 18, 1980), Hamilton App. No. C-790204. See, also, Bethkev. Baker Motors (Aug. 23, 1990), Cuyahoga App. No. 58258 ("[a] party may not substitute an action, based upon a request for a declaratory judgment, for an appeal where the judgment the party is attacking became final long ago"). Further, "the necessary predicate of a justiciable controversy does not exist if a prior valid final judgment has determined the respective rights and obligations of the parties encompassed within their request for declaratory relief." Christian v. Root (Oct. 15, 1990), Darke App. No. 1261.
 {¶ 12} In the present case, appellant had the opportunity on appeal to challenge the domestic relations court's orders relating to the fine and attorney fees, including any contention that those orders were inconsistent or erroneous in failing to provide payment to the clerk of courts. Because the issues presented in appellant's declaratory judgment action could have been raised on direct appeal, the trial court did not abuse its discretion in denying his motion for declaratory judgment.
 {¶ 13} Based upon the foregoing, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
Bryant and French, JJ., concur.