[Cite as *Columbus v. Inland Prods., Inc.*, 2021-Ohio-3497.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| City of Columbus, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 20AP-149 |
| Inland Products, Inc., and 800 Frank Road, LLC, | : | (M.C. No. 2009 EVH 60034) |
| | : | (REGULAR CALENDAR) |
| Defendants-Appellees, | : | |
| Roof to Roads, LLC, and Steven Johnson, | : | |
| Defendants-Appellants. | : | |

D E C I S I O N

Rendered on September 30, 2021

**On brief:** *Zachary M. Klein,* City Attorney, *Stephen C. Dunbar,* and *Zach Gwin,* for appellee City of Columbus. **Argued:** *Zach Gwin.*

**On brief:** *Vorys, Sater, Seymour and Pease, LLP, Joseph R. Miller, John M. Kuhl,* and *Kara M. Mundy,* for appellee Inland Products, Inc. **Argued:** *Joseph R. Miller.*

**On brief:** *Arnold & Clifford, LLP, James E. Arnold,* and *Daniel J. Matusicky*, for appellants. **Argued:** *Daniel J. Matusicky.*

APPEAL from the Franklin County Municipal Court,
Environmental Division

LUPER SCHUSTER, J.

{¶ 1}   Defendant-appellant, Roof to Roads, LLC ("Roof to Roads"), and its owner, defendant-appellant, Steven Johnson, appeal from a judgment of the Franklin County Municipal Court, Environmental Division, finding appellants in contempt.  For the following reasons, we reverse and remand.

## I.  Facts and Procedural History

{¶ 2}   In February 2004, Roof to Roads leased the Franklin County property identified as parcel Nos. 570-145444, 570-145445, and 570-145446 (the "property"), owned by defendants-appellees, Inland Products, Inc. ("Inland Products"), and 800 Frank Road, LLC ("800 Frank Road"), for the purpose of operating an asphalt roofing shingle recycling business.  Nearly five years later, in January 2009, Roof to Roads was operating its business as a holdover-tenant, and plaintiff-appellee, City of Columbus ("city"), filed a complaint for injunctive relief against Inland Products, 800 Frank Road, and Roof to Roads, concerning the property.  The city requested the trial court declare the property a public nuisance, enjoin defendants from continuing to maintain a nuisance on the property, and require defendants to bring the property into compliance with city land use law.

{¶ 3}   In October 2012, the parties reached a stipulated resolution of the action, and the trial court filed an agreed settlement entry and order reflecting that resolution ("2012 agreed order").  Under the 2012 agreed order, defendants were ordered to obtain a zoning variance or a rezoning of the property to a manufacturing district or limited manufacturing district, and to obtain a special permit and license to operate a salvage business on the property.  In April 2013, the city filed a contempt motion alleging defendants had failed to comply with the 2012 agreed order.  In October 2013, the trial court denied the city's April 2013 contempt motion based on its finding that the court previously had extended the time frame for compliance with the 2012 agreed order until at least November 21, 2013.  Later, in May 2015, the trial court found defendants had not taken all necessary steps to legally operate the recycling business and therefore were in contempt for violating the 2012 agreed order.  The trial court expressed its frustration at defendants' continued delay and ordered the cessation of all business operations on the property.  The trial court did not, however, order defendants to remove all remaining shingles from the property.

{¶ 4} In June 2015, Roof to Roads moved for relief from the May 2015 order and provided notice of a proposed modified settlement agreement between it, Johnson, and the city. The modified agreement, approved and filed by the trial court on June 19, 2015 ("2015 modified agreement"), permitted Roof to Roads to resume recycling operations on the property by meeting certain conditions, including not bringing any more material onto the property until achieving full compliance with city law, and meeting all applicable requirements thereafter. Additionally, Johnson agreed to be "personally liable for having the care and control of the operation and Roof to Roads" and that his "personal liability may be in the form of criminal liability, civil liability, or both." (2015 Modified Agreement at 6.) Thus, the 2015 modified agreement provided a framework for Roof to Roads to resume and continue engaging in recycling operations on the property.

{¶ 5} In June 2016, the city filed a second motion for contempt, again alleging Roof to Roads, Inland Products, and 800 Frank Road failed to comply with all requirements of the 2012 agreed order. In August 2016, the trial court denied the city's second contempt motion upon finding that defendants had "worked well with Court staff and City staff to achieve site compliance until hitting the financial obstacle of" installing a fire hydrant that was necessary for full compliance. (Aug. 5, 2016 Decision & Entry at 2.) At defendants' offering, however, the trial court ordered that "all shingle recycling activities, including grinding, shall cease until further order" of the court. (Aug. 5, 2016 Decision & Entry at 3.) Based on the ordered cessation of business operations on the property, the trial court expressed concern that the property would deteriorate. Consequently, it ordered the parties to brief issues relating to whether city law required further action by defendants as to the storage of the materials currently on the property. The trial court also ordered that defendants "shall not bring new material on to the site," "may keep the property cleaned and maintained and may continue to remove material from the property," and shall "remove the wood mulch piles." (Aug. 5, 2016 Decision & Entry at 3.)

{¶ 6} Pursuant to the trial court's directive, the city filed a memorandum addressing the questions the court raised relating to the permissibility of the property only being used for the storage of shingles, with no recycling activities occurring. The city characterized this storage as a new proposed use for the property, requiring defendants to begin a new process for its approval. Inland Products and 800 Frank Road also filed a

memorandum as directed by the trial court. In their memorandum, these defendants asserted that the city mischaracterized the business operations cessation as a new use, and they argued that this stoppage did not require the initiation of a new land use approval process. Thus, Inland Products and 800 Frank Road argued the storage of existing shingles on the property, upon the cessation of recycling operations, was permitted without any further action being taken. The trial court did not issue any subsequent order expressly addressing the questions raised in its directive.

{¶ 7} In December 2018, the city filed a third contempt motion. This motion was only against appellants for their alleged failure to comply with the 2015 modified agreement. The city asserted appellants' use of the property violated various provisions of city law, including the requirement to obtain a salvage operation license. Despite their previously submitted stated position that the storage of shingles on the property did not require further action to comply with city law, Inland Products and 800 Frank Road joined the city's motion against appellants. They asserted in support that "[f]or more than a decade, Roof to Roads has failed to take the steps necessary to comply with applicable City code and this Court's orders," including the 2015 modified agreement. (Nov. 15, 2019 Defs.' Mot. in Support at 1.) In response, Roof to Roads and Johnson argued in part that they did not violate the trial court's August 2016 order, and that the earlier orders, namely the 2012 agreed entry and 2015 modified agreement, were no longer operative.

{¶ 8} On March 12, 2020, the trial court found appellants in contempt of the 2015 modified agreement because they did not either obtain full compliance with city land use law in operating the recycling business or clear the property of all materials if they ceased those operations. Based on this contempt finding, the trial court imposed a $250 fine against Roof to Roads, and a $750 fine against Johnson, for each day the property remains in noncompliance. The trial court also ordered Johnson to be incarcerated for 10 days.

{¶ 9} Appellants timely appeal.

## II. Assignments of Error

{¶ 10} Appellants assign the following errors for our review:

> [1.] The trial court abused its discretion in finding Roof to Roads LLC and Steven Johnson in contempt.

[2.] The trial court abused its discretion in issuing a $1,000 civil penalty and a ten-day jail sentence as a criminal penalty.

[3.] The trial court abused its discretion when it found defendants in contempt after failing to give defendants an opportunity to demonstrate that refused to consider evidence which defendants propounded in order to establish their burden of proving the applicability of the doctrine of impossibility.

## III.  Discussion

{¶ 11}  In this appeal, appellants challenge the trial court's contempt finding and the penalties imposed based on that finding.  In their first assignment of error, appellants generally allege the trial court abused its discretion in finding them in contempt.  Their third assignment of error more specifically alleges the trial court abused its discretion in finding them in contempt without first providing an opportunity for them to present evidence demonstrating impossibility as a defense to the contempt charge.  And their second assignment of error alleges the trial court abused its discretion in imposing a total $1,000 per day penalty against them and ordering Johnson to be incarcerated for 10 days.

{¶ 12}  Contempt of court "results when a party before a court disregards or disobeys an order or command of judicial authority," or otherwise acts in a way that "substantially disrupt[s] the judicial process in a particular case." *Byron v. Byron,* 10th Dist. No. 03AP-819, 2004-Ohio-2143, ¶ 11, citing *First Bank of Marietta v. Mascrete, Inc.,* 125 Ohio App.3d 257, 263 (4th Dist.1998).  It is well-settled that to find a litigant in contempt, the court must find the existence of a valid court order, that the offending party had knowledge of such order, and that such order was, in fact, violated.  *Arthur Young & Co. v. Kelly*, 68 Ohio App.3d 287, 295 (10th Dist.1990).  "The purpose of contempt proceedings is to secure the dignity of the courts and the uninterrupted and unimpeded administration of justice." *Windham Bank v. Tomaszczyk*, 27 Ohio St.2d 55 (1971), paragraph two of the syllabus.  Contempt is classified as either direct or indirect.  *Byron* at ¶ 12.  "Direct contempt occurs in the presence of the court in its judicial function."  *Id.,* citing R.C. 2705.01.  Indirect contempt occurs outside the presence of the court and demonstrates a lack of respect for the court or its lawful orders.  *Id.,* citing *State v. Drake,* 73 Ohio App.3d 640, 643 (8th Dist.1991).  An appellate court will not reverse a trial court's finding of contempt, and

imposition of penalty based thereon, absent an abuse of discretion. *Columbus v. ACM Vision, V, LLC*, 10th Dist. No. 20AP-79, 2021-Ohio-925, ¶ 36. An abuse of discretion implies the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983).

{¶ 13} Here, the trial court found Roof to Roads and Johnson in contempt for violating the terms of the 2015 modified agreement. In reviewing the merits of the city's December 2018 contempt motion against appellants, the trial court construed the 2015 modified agreement as requiring appellants to either fully comply with all applicable city requirements for operating a shingle recycling business on the property, or, if appellants ceased those business operations, clear all of the remaining shingles from the property. The trial court reasoned that because appellants did not remove the shingles from the property after ceasing their recycling business operations, they were in violation of the 2015 modified agreement. This reasoning, however, is fundamentally flawed in view of the 2015 modified agreement itself and the August 2016 order.

{¶ 14} In May 2015, shortly before the trial court filed the 2015 modified agreement, the trial court ordered appellants to cease the shingle recycling operations on the property. The 2015 modified agreement established a framework for appellants to resume, and then to continue, shingle recycling operations. The concern reflected in both the May 2015 order and 2015 modified agreement was to ensure the shingle recycling operations fully complied with all city land use requirements. These orders do not, however, discuss or resolve the issue of appellants' responsibility to clear the property upon a termination of shingle recycling.

{¶ 15} If there was any uncertainty as to whether the 2015 modified agreement left this issue unresolved, the August 2016 order removed that uncertainty. In its August 2016 order, the trial court denied the city's contempt motion against appellants, Inland Products, and 800 Frank Road, based on its finding that defendants had been working well with the city and progressing toward full compliance regarding the recycling operations, until they were unable to procure the necessary onsite fire hydrant due to financial limitations. At the parties' offering, the trial court ordered them to cease all shingle recycling activities and not to bring new material on the property. The trial court permitted, but did not require, defendants to remove the remaining shingles from the property. Additionally, based on the

trial court's property degradation concerns, it expressly requested briefing on whether the storage of the shingles remaining on the property required any further action by defendants. Thus, the terms of the August 2016 order bely the basic premise of the appealed decision, that the 2015 modified agreement required appellants to remove all shingles from the property if they stopped recycling activities.

{¶ 16} For these reasons, we find it was an abuse of discretion for the trial court to find appellants in contempt of the 2015 modified agreement because they did not remove all shingles remaining on the property after ceasing recycling operations. Accordingly, we sustain appellants' first assignment of error. This disposition renders moot appellants' second and third assignments of error.

## IV. Disposition

{¶ 17} Having sustained appellants' first assignment of error, and finding as moot their second and third assignments of error, we reverse the judgment of the Franklin County Municipal Court, Environmental Division, and remand this matter to that court for further proceedings in accordance with law and consistent with this decision.

*Judgment reversed;*
*cause remanded.*

BEATTY BLUNT and MENTEL, JJ., concur.

———————————