DECISION AND JUDGMENT ENTRY
{¶ 1} Stanley A. Bartkowiak appeals his sentence of thirty days in jail for civil contempt. He contends that the trial court erred by failing to set purge conditions or, in the alternative, setting unreasonable or impossible purge conditions, before sentencing him. Because Mr. Bartkowiak has already served his sentence and has failed to demonstrate that he will suffer any adverse collateral consequences as a result of the court's contempt finding or sentence, we dismiss this appeal as moot.
 {¶ 2} The Vinton County Court of Common Pleas issued a decree granting Suzanne Bartkowiak a divorce from Mr. Bartkowiak. As part of the divorce decree, the court ordered Mr. Bartkowiak to make child support payments for the couple's four children and awarded Mrs. Bartkowiak one-half of any worker's compensation settlement Mr. Bartkowiak would receive in the future. Mrs. Bartkowiak later filed a charge of contempt, alleging that Mr. Bartkowiak was not making child support payments and that he had received a worker's compensation award but had not tendered one-half of the amount to her as ordered in the divorce decree.
 {¶ 3} At the hearing on the contempt motion, Mr. Bartkowiak acknowledged that he had received a copy of the divorce decree, that he had not made child support payments since May 2003, and that he had received a $47,000 worker's compensation award but had not given Mrs. Bartkowiak one-half of the award. At the conclusion of the hearing, the trial court orally found that Mr. Bartkowiak was in contempt for failing to make the child support payments and failing to provide Mrs. Bartkowiak with her share of the worker's compensation award.
 {¶ 4} The court declined to impose a sentence or a sanction, instead deferring sentencing for thirty days to allow the parties to attempt to resolve the issues on their own. The court stated that it would consider whether Mr. Bartkowiak was able to "catch-up" on his child support payments when it sentenced him. When the parties were unable to resolve the contempt issues, the court sentenced Mr. Bartkowiak to thirty days in jail.
 {¶ 5} Mr. Bartkowiak appealed the court's sentence, assigning the following errors:
I. The trial court erred by failing to establish purge conditions before imposing sentence on its findings of contempt.
II. The trial court erred in setting purge conditions that were unreasonable or with which it was impossible for the Appellant to comply.
 {¶ 6} In his assignments of error, Mr. Bartkowiak challenges the court's imposition of the thirty day sentence without setting or, in the alternative, with setting unreasonable or impossible, purge conditions. Mr. Bartkowiak acknowledges that he has already served the thirty day sentence, but argues that this appeal is not moot because a second finding of contempt will subject him to greater penalties; but, if we address the issue and void his conviction, he will be subject to a lesser penalty.
 {¶ 7} We disagree. In State v. Wilson (1975), 41 Ohio St.2d 236, the Ohio Supreme Court held that "[w]here a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." The burden of proof is on the defendant to establish at least an inference that he will suffer some collateral disability or loss of civil rights. State v. Berndt (1987), 29 Ohio St.3d 3, 504 N.E.2d 712.
 {¶ 8} Mr. Bartkowiak argues that the collateral disability he will suffer is an increased penalty if the court finds him in contempt again in the future. However, in Berndt, the Ohio Supreme Court held that increased future penalties are not a collateral disability to a misdemeanor conviction because no such disability will exist if the individual stays within the confines of the law. Cf. State v. Golston
(1994), 71 Ohio St.3d 224, 643 N.E.2d 109 (due to substantial adverse consequences of a felony conviction, appeal of felony sentence is not moot even if entire sentence has been served). Here, if Mr. Bartkowiak complies with the court's orders, he will not be subject to a future contempt finding.
 {¶ 9} We recognize that the court found Mr. Bartkowiak in civil contempt, based on his failure to comply with its order, rather than in criminal contempt. See Brown v. Executive 200, Inc. (1980),64 Ohio St.2d 250, 253, 416 N.E.2d 610 (violations of court orders that are primarily offenses against the party benefited by the order constitute civil contempt). However, courts have applied the Berndt
holding even in civil contempt cases. See, e.g., Farley v. Farley,
Franklin App. No. 02AP-1046, 2003-Ohio-3185 (an appeal from a contempt charge is moot where husband satisfied court's order); Jenkins v.Jenkins (1987), Champaign App. No. 86-CA-01 (appeal of sentence for contempt finding based on failure to pay support was moot when husband already served sentence). We also believe Berndt should apply in the civil contempt context.
 {¶ 10} Because Mr. Bartkowiak has already served his thirty day sentence and has failed to establish that he will suffer an adverse collateral disability based on the court's contempt finding and sentence, we dismiss his appeal as moot.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Vinton County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. McFarland, J.: Concur in Judgment and Opinion.