DECISION
{¶ 1} Defendant-appellant, Thomas Wesley ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, finding him in contempt of court and imposing a 60-day jail sentence.
 {¶ 2} The parties were married on August 27, 1982, and had two children born as issue of their marriage on February 3, 1983, and March 2, 1984. A judgment entry/decree of divorce was filed on July 31, 1987, which included a provision for appellant to pay child support. As is relevant here, on January 20, 2006, Eugenia Wesley *Page 2 
("appellee"), through the Child Support Enforcement Agency ("CSEA"), filed a motion for "contempt and/or judgment and/or to determine and liquidate child support arrearage." The motion alleged appellant failed to comply with a prior court order requiring him to pay $363.99 per month to liquidate the child-support arrears of $14,731.04. The motion further alleged the total arrearage due as of January 2006 was $7,681.14.
 {¶ 3} The matter came for hearing before a magistrate on June 1, 2006. Appellant made an oral motion to dismiss due to the non-appearance of appellee. Said motion was denied, and the hearing proceeded. CSEA called appellant as on cross and questioned him regarding his payment and work history. By judgment entry filed June 16, 2006, the magistrate found appellant guilty of contempt and imposed a sentence of 60 days. The sentence was suspended, however, and appellant was ordered to seek employment and pay the arrearage at the rate of $100 per month. The matter was then scheduled for review by the domestic court on December 1, 2006. Appellant filed objections to the magistrate's decision on June 28, 2006, contending the matter should have been dismissed due to appellee's non-appearance. Appellant further contended his testimony established his involuntary unemployment.
 {¶ 4} By entry filed on October 5, 2006, the trial court remanded the matter back to the magistrate stating:
 The Magistrate Report filed June 16, 2006 came before the Court upon objection by defendant.
 The Court upon consideration of the matter finds that The Magistrate failed to establish a child support arrearage, make a contempt finding and establish a liquidation order. This matter is remanded to the Magistrate for further consideration *Page 3 
on CSEA1 November 13, 2006 at 1:30 p.m., 399 S. Front St., Courtroom 1. The seek work order was not before the court.
 {¶ 5} On November 30, 2006, the matter came for hearing before the magistrate. At the hearing, appellant contended the trial court still needed to rule on his objections, while CSEA contended the magistrate had to make the corrected findings before the objections could be addressed by the trial court. The magistrate indicated that according to the trial court's instruction, the initial decision was not a contempt finding because the magistrate failed to establish a child-support arrearage as of the date of the hearing and then put on a liquidation order. In conclusion, the magistrate again found that appellant was in contempt, sentenced him to 60 days, and suspended the sentence on condition that he liquidate the arrearage by paying $101 per month.[1]
 {¶ 6} Thereafter, the matter was set for a hearing before the trial court on March 9, 2007 for review of enforcement of the 60-day sentence for contempt. At the March 9, 2007 hearing, appellant inquired about the June 28, 2006 objections. The trial court indicated that appellant's objections filed June 28, 2006, were rendered moot by the trial court's remand issued on October 5, 2006. Therefore, because no objections were filed after the magistrate rendered a decision on November 30, 2006, there were no objections before the trial court to be addressed, and it declined to hear arguments pertaining to the same. *Page 4 
 {¶ 7} Finding that appellant failed to purge the contempt or establish an inability to pay, the trial court ordered enforcement of the sentence and denied appellant's oral motion to stay execution of sentence pending an appeal. This appeal followed, and appellant sought a stay of execution of sentence from this court, which was granted upon appellant posting a supersedeas bond.
 {¶ 8} On appeal, appellant brings the following assignment of error for our review:
 The trial court erred in failing to address Appellant's June 28, 2006 objections in violation of [Civ.R. 53(D)(4)(d)].
 {¶ 9} Before we consider the merits of appellant's assignment of error, however, we must first address CSEA's argument that this matter is moot because appellant served his sentence for contempt. Appellant concedes he served his sentence, but argues the matter is not moot because he was unable to post bond, and therefore, his sentence was involuntarily served.
 {¶ 10} Contempt is a disregard of, or disobedience to, an order or command of judicial authority. Sansom v. Sansom, Franklin App. No. 05AP-645, 2006-Ohio-3909, discretionary appeal not allowed by112 Ohio St.3d 1441, 2007-Ohio-152, at ¶ 22, citing First Bank of Marietta v.Mascrete, Inc. (1998), 125 Ohio App.3d 257, 263. Contempt may also involve an act or omission that substantially disrespects the judicial process in a particular case. Id., citing Byron v. Byron, Franklin App. No. 03AP-819, 2004-Ohio-2143. While contempt may be characterized as either direct or indirect, courts typically view the failure to pay child support as indirect contempt as it occurs outside the presence of the court and demonstrates a lack of respect for the court or its orders. Id. at ¶ 23, citing DeLawder v. Dodson, Lawrence App. No. 02CA27, 2003-Ohio-2902. Additionally, the *Page 5 
failure to pay court-ordered child support constitutes civil contempt as opposed to criminal contempt. Id., at ¶ 24, citing R.C. 2705.031;Herold v. Herold, Franklin App. No. 04AP-206, 2004-Ohio-6727.
 {¶ 11} In Bank One Trust Co., N.A. v. Scherer, Franklin App. No. 06AP-70, 2006-Ohio-5097, the appellants were counsel for trust beneficiaries and sought review of a trial court's judgment holding them in contempt of court and ordering them to pay a fine. On appeal, this court examined whether or not the appeal was moot since the appellants paid the imposed sanction. The appellants argued their compliance was not voluntary because they were ordered by the trial court to pay on the day of the hearing. Relying on this court's prior precedent, we held inBank One that while appellants could have moved for a stay of execution of the trial court's contempt order, they did not, and instead voluntarily paid their fines. Therefore, the appeal was found to be moot.[2]
 {¶ 12} Similarly, in Evans v. Evans (Sept. 20, 2001), Franklin App. No. 00AP-1459, the trial court found the appellant in contempt of court and sentenced him to ten days incarceration. On appeal, this court stated
 At the outset, we note that plaintiff indicates in his appellate brief that, at the time of the court's contempt finding, plaintiff was unable to post bond and therefore he served the ten-day sentence imposed by the court. To the extent that plaintiff served the ten-day sentence imposed, his appeal of the contempt finding is moot.
 {¶ 13} Id. citing Springfield v. Myers (1988), 43 Ohio App.3d 21. See, also, Faith C. v. Tim P., Lucas App. No. L-05-1250, 2006-Ohio-3049
(noting that an appeal from a *Page 6 
civil contempt finding and sentence becomes moot when a party purges himself of the contempt or serves the sentence imposed by the trial court); Kimbler v. Kimbler, Scioto App. No. 05CA2994, 2006-Ohio-2695
(appeal from a civil contempt finding and sentence becomes moot when a party purges herself of the contempt or serves the sentence);Bartkowiak v. Bartkowiak, Vinton App. No. 04CA596, 2005-Ohio-5017
(defendant's appeal of a contempt finding for failure to pay child support found to be moot where the defendant served the 30-day sentence); Carroll Cty. Bur. of Support v. Brill, Carroll App. No. 05 CA 818, 2005-Ohio-6788 (appeal from contempt finding for failure to pay child support found to be moot where the defendant sought a stay of execution of sentence from the trial court, but did not seek one from the appellate court and went on to serve the sentence); Jenkins v.Jenkins (Apr. 15, 1987), Champaign App. No. 86-CA-01 (appeal of contempt finding for failure to pay child support was moot where the husband already served the sentence).
 {¶ 14} Here, appellant sought, and was denied, a stay of execution of sentence from the trial court. Appellant then sought a stay of execution of sentence from this court, which was granted with a conditional $1,200 supersedeas bond. There is nothing in the record to demonstrate appellant's request for a reduction in the bond, or a denial of such request. Rather, appellant contends in his appellate brief that because he was "unable to post the bond to secure his release, he involuntarily served his sentence." (Reply Brief, at 3.) As previously cited, however, a similar argument was made to and rejected by this court inEvans, supra. Accordingly, we find that appellant has voluntarily served his *Page 7 
sentence, and therefore, his appeal of the trial court's contempt finding and sentence is moot.
 {¶ 15} For the foregoing reasons, appellant's appeal is sua sponte dismissed.
Appeal sua sponte dismissed.
BRYANT and PETREE, JJ., concur.
[1] Essentially, the only change in the two magistrate's decisions is that appellant was now ordered to pay $101 per month rather than $100 per month.
[2] Notwithstanding the finding of mootness, this court went on to gratuitously address the merits of the assigned errors, overrule them, and affirm the judgment of the trial court. *Page 1