OPINION
{¶ 1} Appellant, Gary A. Green, appeals from the October 2, 2007 judgment entry of the Portage County Court of Common Pleas, Domestic Relations Division, *Page 2 
which dismissed motions relative to contempt and payment of child support arrearages for mootness. Likewise, we dismiss the present appeal, since having already served and completed his sentence for contempt, appellant's arguments are moot.
 {¶ 2} Substantive Facts and Procedural History
 {¶ 3} The present appeal stems from a convoluted history of motions to hold appellant ("Mr. Green") in contempt for failure to pay child support since he and appellee, Ms. Charlene Green, aka Charlene Walker ("Ms. Walker"), divorced in 1993.
 {¶ 4} On February 14, 2007, the court held a hearing on Child Support Enforcement Agency's ("CSEA's"), motions for contempt and to determine arrearages based on Mr. Green's failure to pay child support. The court granted a continuance and reset the hearing for March 20, 2007, following Mr. Green's request to obtain counsel.
 {¶ 5} On March 20, 2007, following the hearing at which Mr. Green appeared unrepresented, a Commitment Notice was filed giving notice that Mr. Green was sentenced to serve thirty days in the Portage County Jail. The notice also indicated that "[a] Journal Entry from this Court will be forthcoming." That entry was filed on April 10, 2007, and found Mr. Green to be in willful contempt of court. The court awarded judgment on the arrearage to Ms. Walker in the amount of $28,672.31, and to CSEA in the amount of $782.76, as of February 28, 2007. The court sentenced Mr. Green to thirty days in the Portage County Jail, but gave Mr. Green an opportunity to purge himself of the contempt by making a lump sum payment in the amount of $10,000 within fifteen days of the order.
 {¶ 6} On March 21, 2007, however, a journal entry was filed that modified Mr. Green's sentence by granting him a medical furlough for up to seventy-two hours to *Page 3 
receive medical treatment at Robinson Memorial Hospital. Thus, it appears that Mr. Green began serving his sentence upon the issuance of the commitment order on March 20, 2007, after the finding of contempt, and thereby waived his opportunity to purge. Thus, he began his sentence without waiting for the second contempt hearing and a finding of guilt.
 {¶ 7} On March 26, 2007, Mr. Green filed a notice of appeal of the March 20, 2007 commitment notice, as well as a request for counsel. He then filed with the trial court a motion to stay, pursuant to App. R. 7, and a motion to vacate on April 5, 2007. The trial court denied both motions on April 6, 2007.
 {¶ 8} Subsequently, we denied his appeal on July 9, 2007, because we determined that Mr. Green was prematurely appealing the contempt order since only the commitment order had been issued. In other words, we dismissed sua sponte for lack of a final appealable order because until the second order finding Mr. Green guilty of contempt was entered by the trial court, the issue of contempt was not yet ripe for review.
 {¶ 9} Accordingly, a motion charging second contempt of court was filed on July 24, 2007, by CSEA for Mr. Green to show cause as to why he failed to comply with the April 10, 2007 contempt order. Mr. Green was served with the summons to appear on August 2, 2007. Pursuant to the summons, which specified that Mr. Green had a right to obtain counsel and must request assistance of counsel within three days of service, Mr. Green timely filed a motion for appointment of counsel on August 3, 2007.
 {¶ 10} On the date of the rescheduled hearing, August 28, 2007, Mr. Green appeared unrepresented, and pursuant to his motion, was granted a continuance to *Page 4 
obtain counsel. The hearing was rescheduled for September 28, 2007. Mr. Green did request and obtained counsel as per the notice of indigent application from the office of the Portage County Public Defender, which was filed September 6, 2007.
 {¶ 11} Ultimately, the second contempt hearing was held on September 28, 2007, in which Mr. Green appeared represented. The court, however, after examining the record, and being advised that Mr. Green had already served his thirty days incarceration, dismissed the motion as it was moot.
 {¶ 12} Mr. Green now appeals, raising two assignments of error:
 {¶ 13} "[1.] The trial court erred to the prejudice of defendant-appellant in that it did not at anytime make the defendant aware of his right to counsel to defend against a jailable offense when the defendant made known his status as an indigent without funds to afford an attorney.
 {¶ 14} "[2.] The trial court erred to the prejudice of defendant-appellant in that it failed to adequately determine the amount of Child Support to be established based on the Defendant's financial status and thus set purge conditions of cash payment of $10,000 within 15 days was both impossible and unrealistic in-as-much as the Plaintiff/Appellant was and is indigent, I.E. and indigent Defendant."
 {¶ 15} Standard of Review
 {¶ 16} "* * * [I]n a contempt proceeding, a reviewing court must uphold the trial court's decision absent a showing that the court abused its discretion." Nolan v. Nolan, 11th Dist. No. 2007-G-2757,2008-Ohio-1505, ¶ 28, citing Winebrenner v. Winebrenner (Dec. 6, 1996), 11th Dist. No. 96-L-033, 1996 Ohio App. LEXIS 5511, 7, citing State exrel. Celebrezze v. Gibbs (1991), 60 Ohio St.3d 69, 75. "An abuse of discretion is more *Page 5 
than error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling." Id., citing Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 17} "The party asserting a show cause motion has the burden to prove that a breach has occurred by clear and convincing evidence." Id. at ¶ 29, quoting Winebrenner at 8. "`Clear and convincing evidence' has been defined as `that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" Id., quotingOhio State Bar Ass'n. v. Reid (1999), 85 Ohio St.3d 327, 331.
 {¶ 18} "A prima facie showing of civil contempt exists when the moving party * * * produces evidence of nonpayment * * * Then, the burden shifts to the alleged contemnor to establish any defense he may have for nonpayment." Id. at ¶ 30, quoting Winebrenner at 8. (Citations omitted.)
 {¶ 19} Mootness
 {¶ 20} Before we address Mr. Green's assignments of error, we must first address whether his appeal is moot because he has already voluntarily served his prison sentence following the first commitment notice of March 20, 2007.
 {¶ 21} It appears from the record and the parties' admissions that Mr. Green served his sentence without waiting for the second contempt hearing. The record reflects that on March 21, 2007, the trial court granted Mr. Green a medical furlough for seventy-two hours in order to receive medical treatment at Robinson Memorial Hospital. *Page 6 
Thus, the court issued only a commitment order, with the notation that a journal entry would be forthcoming when Mr. Green began serving his sentence.
 {¶ 22} The journal entry filed April 10, 2007, found Mr. Green had failed to pay child support as ordered and that an arrearage had accumulated in the amount of $29,455.07; with $28,672.31 due to Ms. Walker, and $782.76 to CSEA as of February 28, 2007. The court sentenced Mr. Green to thirty days incarceration, and gave Mr. Green an opportunity to purge himself of the contempt by making a lump sum payment in the amount of $10,000 within fifteen days of the order.
 {¶ 23} However, it appears from the record that Mr. Green chose to forgo the opportunity to purge and began serving his sentence immediately following the first hearing. Mr. Green filed numerous motions from which is notably absent any statement that he was already serving his sentence. Specifically, Mr. Green filed a notice of appeal on March 26, 2007, in this court. Then, on April 5, 2007, Mr. Green filed a motion to vacate and a motion to stay continuing execution of judgment with the trial court on April 5, 2007. These motions were denied on April 6, 2007. We denied Mr. Green's appeal on July 9, 2007, because we determined it was premature as the second contempt hearing had not yet been held.
 {¶ 24} "An appeal from a civil contempt finding and sentence becomes moot when a party purges herself of the contempt or serves the sentence imposed by the court." Kimbler v. Kimbler, 4th Dist. No. 05CA2994,2006-Ohio-2695, ¶ 27. See, also, Bartkowiak v. Bartkowiak, 4th Dist. No. 04CA596, 2005-Ohio-5017, ¶ 10 (completion of sentence renders civil contempt moot); Wesley v. Wesley, 10th Dist. No. 07AP-206,2007-Ohio-7006 (completion of sentence renders civil contempt moot);Carroll Cty. *Page 7 Bureau of Support v. Brill, 7th Dist. No. 05 CA 818, 2005-Ohio-6788. See, also, State v. Hayes (July 14, 2000), 11th Dist. No. 99-A-0023, 2000 Ohio App. LEXIS 3196 (where we dismissed the appellant's appeal of his sentence for failure to pay child support, finding it to be moot, because the appellant had already completed his sentence).
 {¶ 25} As we stated in Hayes, "it is not the duty of the court to answer moot questions, and when, pending proceedings in error in this court, an event occurs, without the fault of either party, which renders it impossible for the court to grant any relief, it will dismiss the petition in error." Id. at 5, citing Miner v. Witt (1910),82 Ohio St. 237, syllabus.
 {¶ 26} Because Mr. Green has already served his sentence, we must dismiss the present appeal.
 {¶ 27} Right to Counsel
 {¶ 28} As an aside, we note that Mr. Green's assignments of error are without merit. Mr. Green first argues that his rights to due process were violated when he was not informed of his right to counsel or appointed counsel to defend the contempt charge.
 {¶ 29} The record reflects, however, that Mr. Green petitioned and was granted at least two continuances, one per contempt hearing, specifically so that he could obtain counsel. At the first contempt hearing, which was originally scheduled for February 14, 2007, he moved for a continuance in order to obtain counsel. The court granted a continuance and rescheduled the hearing for March 20, 2007. The record, however, does not demonstrate any attempt by Mr. Green to obtain counsel prior to the contempt hearing. On July 26, 2007, Mr. Green was sent an order to appear to show cause, charging second contempt of court and a notice of the hearing, which was scheduled for *Page 8 
August 28, 2007. The notice of the hearing informed Mr. Green that he had the right to counsel, and that if he believed he was indigent, he must apply for counsel with the public defender within three days of receiving notice.
 {¶ 30} Accordingly, Mr. Green timely filed a motion for appointment of public defender on August 3, 2007. He then appeared at the August 28, 2007 hearing unrepresented and requested counsel at the hearing per the court's instruction. The trial court then continued the hearing in order for Mr. Green to obtain appointed counsel. Subsequently, he was appointed counsel from the Portage County Public Defender's Office and was represented at the September 28, 2007 contempt hearing.
 {¶ 31} Thus, Mr. Green was afforded at least two opportunities to obtain counsel, before the first contempt hearing, in which the Commitment Notice was issued, and before the second hearing, in which Mr. Green would have had a chance to defend himself against fulfilling the $10,000 purge and the finding of contempt. But because Mr. Green had already served his sentence, presumably voluntarily, the issue of contempt was moot, and the trial court dismissed.
 {¶ 32} Inability to Pay
 {¶ 33} Mr. Green also argues that the trial court's purge condition of a $10,000 cash payment within fifteen days was unrealistic and impossible because he is indigent. Without the transcript of the hearing, we cannot say the trial court abused its discretion in determining that Mr. Green had failed to clearly and convincingly prove that he was unable to pay such an amount.
 {¶ 34} The transcript from the contempt hearing of March 20, 2007, was not provided by Mr. Green. "[T]his court has repeatedly held that a party cannot challenge *Page 9 
on appeal the factual findings contained in a magistrate's report unless that party submits the required transcript or affidavit." Beres v. G.S.Bldg. Co., 11th Dist. No. 2007-L-061, 2007-Ohio-6564, ¶ 21, citingJewell v. Jewell (June 20, 1997), 11th Dist. No. 96-L-097, 1997 Ohio App. LEXIS 2681, at 6. (Citations omitted.) "Thus, an appellant is `precluded from arguing any factual determinations on appeal and has waived any claim that the trial court erred in adopting the magistrate's findings.'" Id., citing Dubay v. Dubay, 11th Dist. No. 2002-G-2481, 2003-Ohio-2918, ¶ 19. (Citation omitted.)
 {¶ 35} The judgment of the Portage County Court of Common Pleas, Domestic Relations Division, is affirmed.
 DIANE V. GRENDELL, P.J., TIMOTHY P. CANNON, J., concur. *Page 1