[Cite as *Ham v. Ham*, 2010-Ohio-1262.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## WYANDOT COUNTY

DANIEL G. HAM,

    PLAINTIFF-APPELLEE,          CASE NO. 16-09-24

    v.

DARLA M. HAM,              O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Wyandot County Common Pleas Court
Domestic Relations Division
Trial Court No. 05-DR-0122

Judgment Affirmed

Date of Decision: March 29, 2010

APPEARANCES:

    *David K. Goodin* for Appellant

    *Dennis E. Pfeifer* for Appellee

**WILLAMOWSKI, P.J.,**

{¶1} Defendant-Appellant, Darla M. Ham ("Darla") appeals the decision of the Wyandot County Court of Common Pleas, Domestic Relations Division, denying her motion for a continuance. Darla contends that the trial court abused its discretion when it failed to reschedule the hearing on imposing sentence for her contempt charge when her preferred attorney was ill. For the reasons set forth below, the decision is affirmed.

{¶2} Darla and Plaintiff-Appellee, Daniel Ham ("Daniel") were married in 1998. In October 2005, Daniel filed for divorce and on January 10, 2007, Darla and Daniel were divorced pursuant to a final judgment entry decree of divorce.[1]

{¶3} In May 2008, Daniel moved the trial court for an order directing Darla to show cause why she should not be held in contempt for failing to comply with the orders in the divorce decree. In October 2008, the magistrate issued a decision recommending that the trial court find Darla in contempt of court for failing to provide Daniel with the property ordered in the divorce decree. On February 4, 2009, the trial court adopted the magistrate's decision and found Darla

---

[1] Subsequently, Darla filed a Civ.R. 60(B) motion to vacate, which was denied, followed by a motion for reconsideration. The trial court granted this motion; vacated the original decree; granted Darla leave to file objections to the magistrate's decision; overruled Darla's objections; and then, issued a second judgment entry decree of divorce in May 2007, from which Darla appealed and Daniel filed a cross appeal. See *Ham v. Ham*, 3d Dist. No. 16-07-04, 2008-Ohio-828. In March of 2008, we found that the trial court erred in granting Darla's motion for reconsideration, ordered the trial court to vacate the May 2007 decree of divorce, and dismissed the appeal as untimely. Id. Thus, the original January 10, 2007, decree of divorce was reinstated.

in contempt of court; ordered Darla to provide Daniel with the property and payments; and ordered her to serve a ten-day jail term with the ability to purge if she complied with the orders. Darla appealed and this Court affirmed the decision of the trial court on July 27, 2009. See *Ham v. Ham*, 3d Dist. No. 16-09-04, 2009-Ohio-3668.

{¶4} Darla eventually complied with a portion of the order, but did not give Daniel all of the money that she was obligated to pay. On August 28, 2009, Daniel filed a motion to impose sentence on the contempt charge. At the time, Darla was represented by the two attorneys who had represented her since July of 2008, J.C. Ratliff and Jon L. Jensen. The hearing on the motion to impose sentence was scheduled for November 5, 2009.

{¶5} On the day of the hearing, a third attorney, Jeffrey J. Ratliff, filed a Notice of Appearance of Co-counsel. Jeffrey Ratliff attended the hearing with Darla and orally moved for a continuance because Mr. Jensen was ill. The following exchange occurred at the opening of the hearing:

> **The Court: This is case 05-DR-0122, Daniel Ham plaintiff and, Mr. Ham is present with his attorney, Dennis Pfeifer. And Darla Ham, defendant, and she is present with attorney Jeffrey Ratliff.**
>
> **Mr. Ratliff: Yes, Your Honor. At this time, Mr. Jensen wanted me to make a motion to the court for a continuance. \*\*\* He is sick. Uhm, last week his kid had H1N1, he took off for that. Doesn't know if that is what he has.**

> **I am prepared to go forward here today if the court so wishes, but I believe it is Ms. Ham's wish that Mr. Jensen would handle it today. If the court wants me to continue today, I am prepared to do that.**
>
> **\*\*\***
>
> **The Court: This motion to impose was filed in August and is scheduled in November. I would hate to think what date it would have to be rescheduled to. And so I understand there's illness, I'm sympathetic toward it, but Mr. Ratliff, if you're prepared to proceed we're going to proceed.**
>
> **Mr. Ratliff: I understand, Your Honor.**
>
> **The Court: All right. Thank you. Unless you're willing to agree to the continuance?**
>
> **Mr. Pfeifer: No, Your Honor.**
>
> **The Court: All right, all right. Let's move forward then.**

Transcript of Proceedings, pp. 4-5.

{¶6} The hearing proceeded and Mr. Pfeifer and Mr. Ratliff questioned and cross-examined the several witnesses. At the conclusion of the testimony and closing arguments, the trial court issued its decision and made the following findings: that Darla pay Daniel the sums of $212.68 and $2,314.14, as originally ordered; that Darla pay Daniel $693 for the attorney fees incurred in this action; and, that the stay on the ten-day contempt sentence be lifted and she shall immediately report to the Wyandot County Jail to serve the ten-day sentence pursuant to the Judgment Entry filed February 4, 2009.

{¶7} A few hours after Darla's incarceration, Daniel's attorney advised the trial court that Darla had paid the amounts she had been ordered to pay and, as a result, there was no objection to her release. At 2:17 p.m. on that same day, the trial court filed an order that Darla should be released.

{¶8} Darla timely appealed from the November 5, 2009, judgment entry raising the following single assignment of error:

**Assignment of Error**

**The trial court erred and abused its discretion in denying Appellant-Defendant's oral motion for continuance.**

{¶9} Darla asserts that the trial court abused its discretion when it denied her motion for continuance because it failed to consider or weigh any of the factors required by *State v. Unger* (1981), 67 Ohio St.2d 65,423 N.E.2d 1078. As a result, Darla maintains that she was prejudiced by "forcing representation on her that was not of her choosing." She claims that the attorney she had at the hearing was unprepared and failed to properly represent her interests.

{¶10} A trial court is vested with broad discretion when granting or denying a continuance. *State v. Jones*, 91 Ohio St.3d 335, 342, 2001-Ohio-57, 744 N.E.2d 1163, citing *State v. Unger*, supra. An appellate court will not reverse the denial of a continuance unless the trial court abused its discretion. Id. Abuse of discretion is more than a mere error of judgment; it implies that the court's attitude

is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

**{¶11}** When reviewing a trial court's decision on a continuance, the appellate court must "apply a balancing test, weighing the trial court's interest in controlling its own docket, including facilitating the efficient dispensation of justice, versus the potential prejudice to the moving party." *Burton v. Burton*, 132 Ohio App.3d 473, 476, 1999-Ohio-844, 476, 725 N.E.2d 359. The trial court may consider several factors when determining whether to grant a continuance, including: (1) the length of the delay requested; (2) whether previous continuances have been granted; (3) the inconvenience to the parties, witnesses, attorneys, and the court; (4) whether the request is reasonable or purposeful and contrived to merely delay the proceedings; (5) and whether the movant contributed to the circumstances giving rise to the request. Id., citing *State v. Unger*; *State v. Hines*, 3d Dist. No. 9-05-13, 2005-Ohio-6696, ¶12.

**{¶12}** Based upon the record, we do not find any abuse of discretion in the trial court's denial of Darla's motion for a continuance. Darla complains that the trial court erred because it failed to consider any of the factors set forth in *Unger*. The transcript shows that the trial court did consider the primary factors it had before it: 1) Darla's preference for her other attorney ("I believe it is Ms. Ham's wish that Mr. Jensen would handle it today"), versus 2) the length of delay after

considering the trial court's docket (noting that it would likely be a considerable delay). Based upon that and the fact that all witnesses and parties were present and ready to proceed, it was not unreasonable for the trial court to go forward. Also, although Darla had not previously requested a continuance in this specific matter, the case had been on-going since 2005, the orders pertinent to the divorce decree were issued in January 2007, and the contempt charges against Darla had been pending since February 2009.

{¶13} Furthermore, Darla did not provide the trial court with any indication that she would be prejudiced if the continuance was denied. Although she had indicated a *preference* for the one attorney who was ill, she was present in court with another attorney who had filed his appearance as her co-counsel, and who affirmatively represented to the court on at least two occasions that he was prepared to go forward, and no objections were ever voiced about going forward. No information was provided as to why her third attorney was not present. This was not a case where a party would not have any representation at all if a continuance was not granted. See, e.g., *Burton*, supra (where the court based its decision on the fact that the defendant would likely have to proceed pro se if the continuance was not granted.) The record shows that the attorney who represented her at the hearing appeared familiar with the facts in the case and he thoroughly questioned or cross-examined all of the witnesses. He provided Darla with the

opportunity to testify in detail as to her position in the case, and she explained that she did not have the money to pay Daniel.[2]

{¶14} Appellant's assignment of error is without merit and is overruled. Moreover, it appears that the issue has been rendered moot because Darla has already purged herself of the contempt charge. See, e.g., *Green v. Green*, 11th Dist. No. 2007-P-0092, 2008-Ohio-3064, ¶24, quoting *Kimbler v. Kimbler*, 4th Dist. No. 05CA2994, 2006-Ohio-2695, ¶27 ("An appeal from a civil contempt finding and sentence becomes moot when a party purges herself of the contempt or serves the sentence imposed by the court."); *Bartkowiak v. Bartkowiak,* 4th Dist. No. 04CA596, 2005-Ohio-5017, ¶10 (completion of sentence renders civil contempt moot); *Wesley v. Wesley*, 10th Dist. No. 07AP-206, 2007-Ohio-7006 (completion of sentence renders civil contempt moot). We fail to see what relief Darla might be seeking since she has already paid all of the funds that were ordered in the original judgment entry leading to the contempt charge.

{¶15} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**ROGERS and SHAW, J.J., concur.**

**/jlr**

---

[2] There is nothing in the record to indicate how she obtained the money to purge the contempt charge after testifying that she did not have the money to pay.