[Cite as *Morgan v. Ciccone*, 2026-Ohio-1533.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

CAROL LYNNE MORGAN,

Plaintiff-Appellee,

v.

ATTORNEY JENNIFER CICCONE

ADMINISTRATOR FOR THE ESTATE OF ANDREW W. RAUZAN,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No.** 2025 MA 0112

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2024 CV 00756

**BEFORE:**
Matthew J. Lynch, Eugene A. Lucci, Robert J. Patton, Judges,
Eleventh District Court of Appeals, sitting by assignment.

---

**JUDGMENT:**
Appeal Dismissed.

---

*Carol Lynne Morgan*, pro se, Plaintiff-Appellee and

*Atty. Jennifer J. Ciccone, Administrator for the Estate of Andrew W. Rauzan*, pro se, Defendant-Appellant.

Dated: April 28, 2026

**ROBERT J. PATTON, J.**

{¶1}   Appellant, Attorney Jennifer J. Ciccone, as Administrator for the Estate of Andrew W. Rauzan ("Ciccone"), appeals from the Mahoning County Court of Common Pleas and the November 5, 2025 Order on Contempt. The Order found Ciccone in contempt for failing to comply with the trial court's August 28, 2025 judgment entry, and directed Ciccone to pay $4,000 to Appellee, Carol Lynne Morgan ("Morgan") by November 17, 2025, and imposed a ten-day jail sentence to begin November 21, 2025. Also pending before the court is Morgan's "Motion to Declare Appellant Jennifer J. Ciccone A Vexatious Litigator, and, Appellee's Motion to Dismiss Appellant's Frivolous Appeal, and Appellee's Motion for Sanctions Against Appellant Jennifer J. Ciccone" filed January 22, 2026.

{¶2}   For the reasons set forth below, Ciccone's appeal is dismissed, Morgan's motion to dismiss is overruled as moot, and Morgan's Motions to Declare Ciccone a Vexatious Litigator and for Sanctions are denied.

### Substantive and Procedural Facts

{¶3}   The underlying dispute arose from Morgan's claim against the Estate of Andrew W. Rauzan ("Rauzan") for the return of attorneys' fees she had paid to Rauzan before his death in August 2021. Morgan alleged she paid Rauzan $4,000 for legal services that were never completed due to his untimely passing. Ciccone, also an attorney, was appointed Administrator of the Rauzan Estate.

{¶4}   On April 15, 2024, Morgan filed a petition in the Mahoning County Court of Common Pleas seeking return of the attorneys' fees. The case was assigned to Judge

Case No. 25 MA 0112

Maureen Sweeney. After months of litigation, the parties reached a settlement. On March 19, 2025, Ciccone offered to pay Morgan $3,500 to resolve the matter. Morgan accepted on March 26, 2025. The parties executed a Settlement and Release of Claims Agreement, and on April 1, 2025, they filed a Joint Notice of Voluntary Dismissal with Prejudice pursuant to Civ.R. 41(A)(1)(b). Critically, the settlement agreement expressly provided: "The court will maintain jurisdiction to enforce any term of this Agreement. Any action or proceeding by either of the parties to enforce this Agreement shall be brought only in the Court of Common Pleas of Mahoning County, Ohio."

{¶5}    A dispute arose concerning the timing and terms of payment under the settlement agreement. Morgan alleged that Ciccone failed to remit the $3,500 as promised. Morgan filed motions to enforce the settlement and for contempt. On June 16, 2025, the magistrate issued a decision directing Ciccone to either obtain probate court approval to disburse $3,500 from the estate or to personally pay that amount within 30 days. Ciccone filed objections. On August 28, 2025, the trial court overruled Ciccone's objections, and ordered her to comply with the magistrate's decision.

{¶6}    Ciccone did not appeal from the August 28, 2025 judgment entry. When she failed to make the required payment, Morgan filed another motion for contempt on September 30, 2025. On October 2, 2025, the trial court entered a judgment entry scheduling a contempt hearing for November 5, 2025, at 8:30 a.m. The October 2 entry was electronically filed and, pursuant to local rule, directed the plaintiff to forward a copy to any pro se parties.

{¶7}    On November 5, 2025, the trial court entered its Order on Contempt. The court found that neither Ciccone nor her counsel appeared at the hearing and that

Case No. 25 MA 0112

Ciccone had failed to file a response to Morgan's contempt motion. Finding Ciccone in contempt for failing to abide by the August 28, 2025 judgment entry, the court ordered her to pay $4,000 to Morgan by November 17, 2025, and to serve ten days in the Mahoning County Jail beginning November 21, 2025. The order specified that Ciccone could purge the contempt by paying the full amount to Morgan.

{¶8}  On November 6, 2025, Ciccone filed multiple motions in the trial court, including a motion to stay execution of the contempt order, a motion to vacate the November 5, 2025 judgment entry, a motion to dismiss for lack of jurisdiction, and a request to escrow funds with the clerk of courts. In her motion to vacate, Ciccone raised several grounds for relief: (1) the trial court lacked subject matter jurisdiction after the April 1, 2025 voluntary dismissal; (2) no summons or order to appear was issued to Ciccone; (3) the contempt proceedings violated due process by failing to provide notice that jail time could be imposed; (4) the contempt order failed to make findings of specific contemptuous conduct; and (5) the $4,000 sanction was unexplained and exceeded the $3,500 settlement amount.

{¶9}  On November 10, 2025, the trial court entered a judgment entry overruling all of Ciccone's motions. The court noted that Ciccone had been ordered on August 28, 2025, to comply with the magistrate's decision requiring payment, that Ciccone did not raise any jurisdictional issues at that time, and that Ciccone did not appeal the August 28 entry to this Court.

{¶10} On November 14, 2025, Ciccone filed a Notice of Compliance indicating that she had satisfied the purge condition by delivering a $4,000 cashier's check to Morgan that same day. Attached to the notice was Morgan's signed acknowledgment of

receipt. That same day, the trial court entered a judgment entry finding that Ciccone "is found to be in compliance and hereby has purged the contempt," and ordering that "the 10 days in jail is hereby STAYED and TERMINATED." The trial court declared the case closed.

{¶11} On December 3, 2025, after full satisfaction of the purge conditions, Ciccone filed her notice of appeal from the November 5, 2025 Order on Contempt.

{¶12} On January 22, 2026, Morgan filed her "Motion to Declare Appellant Jennifer J. Ciccone A Vexatious Litigator, And, Appellee's Motion to Dismiss Appellant's Frivolous Appeal, and Appellee's Motion for Sanctions Against Appellant Jennifer J. Ciccone."

**Legal Analysis**

*A. Ciccone's Failure to File a Brief Results in Dismissal*

{¶13} App.R. 18(A) provides that a brief shall be filed within 20 days of the record being filed and notice from the clerk. The clerk filed the notice of the filing of the record on January 13, 2026. Therefore, Ciccone's brief was due on or before February 2, 2026. No filing appears on the docket.

{¶14} Where an appellant fails to file their brief within the time provided by App.R. 18, the court may dismiss the appeal. App.R.18 (C). As Ciccone has failed to file a brief or seek an extension, we dismiss the appeal pursuant to App.R. 18(C).

*B. Ciccone's Voluntary Compliance Renders This Appeal Moot*

{¶15} Appellate courts in Ohio are limited to deciding actual controversies. It is axiomatic that we have no authority to render advisory opinions or to decide abstract questions of law. A case becomes moot when the issues presented are no longer "live"

Case No. 25 MA 0112

or when the parties lack a legally cognizable interest in the outcome. *State ex rel. Ames v. Summit Cty. Ct. of Common Pleas*, 2020-Ohio-354, ¶ 8, quoting *State ex rel. Gaylor, Inc. v. Goodenow*, 2010-Ohio-1844, ¶ 10-11. When an appeal becomes moot, the appellate court lacks jurisdiction to consider the merits and must dismiss the appeal. *State v. Berndt*, 29 Ohio St.3d 3, 5 (1987).

{¶16} The mootness doctrine applies with particular force in appeals from civil contempt orders where the contemnor has satisfied the purge condition. As Ohio appellate courts have recognized, "[a]n appeal from a civil contempt finding and sentence becomes moot when a party purges herself of the contempt or serves the sentence imposed by the court." *Kimbler v. Kimbler*, 2006-Ohio-2695, ¶ 27 (4th Dist.). *Accord Green v. Green*, 2008-Ohio-3064, ¶ 24 (11th Dist.).

{¶17} The rationale for this rule is straightforward. Civil contempt is coercive in nature rather than punitive. Its purpose is to compel compliance with a court order, not to punish past conduct. When the contemnor complies with the underlying order and satisfies the purge condition, the coercive purpose of the contempt sanction has been achieved. There is no further relief that an appellate court can provide. *See Ham v. Ham*, 2010-Ohio-1262, ¶ 14 (3d Dist.) ("We fail to see what relief Darla might be seeking since she has already paid all of the funds that were ordered in the original judgment entry leading to the contempt charge.").

{¶18} The record before us demonstrates that Ciccone has fully purged her contempt. The November 5, 2025 order on contempt directed Ciccone to pay Morgan $4,000 by November 17, 2025, and imposed a ten-day jail sentence beginning November 21, 2025. Critically, the order expressly provided that Ciccone could "purge her contempt

by paying the full amount to the Plaintiff." On November 14, 2025, before the payment deadline and before the jail sentence was to commence, Ciccone delivered a $4,000 cashier's check to Morgan. Morgan acknowledged receipt of this payment in writing that same day. The trial court subsequently entered a judgment entry finding that Ciccone "is found to be in compliance and hereby has purged the contempt," and ordering that the ten-day jail sentence was "STAYED and TERMINATED." The trial court declared the case closed.

{¶19} Ciccone did not file her notice of appeal until December 3, 2025, well after she had satisfied the purge condition and the trial court had acknowledged her compliance. By the time this appeal was perfected, no live controversy remained. Ciccone had paid the full $4,000 sanction, the jail sentence had been stayed and terminated, and the trial court had closed the case. There is no relief this Court can provide, thus, the appeal is moot.

*C. Morgan's Pending Motions*

{¶20} On January 22, 2026, Morgan filed a Motion to Dismiss, Motion to Declare Ciccone a Vexatious Litigator, and Motion for Sanctions. As noted above, the instant appeal is dismissed on other grounds. Therefore, Morgan's motion to dismiss is overruled as moot.

{¶21} Morgan additionally asks this court to find Ciccone to be a vexatious litigator and to impose sanctions. After a review of the record and in accordance with Seventh Dist.Loc.R. 44.1, we decline to impose sanctions. Furthermore, we do not find that Ciccone "habitually, persistently, and without reasonable cause" engaged in frivolous conduct, and decline to find Ciccone to be a vexatious litigator.

Case No. 25 MA 0112

{¶22} Accordingly, Morgan's motion to declare to Ciccone a vexatious litigator, and her motion for sanctions are denied.

**Conclusion**

{¶23} As Ciccone has failed to file a brief as required, the appeal is dismissed in accordance with App.R. 18(C). The appeal also presents no live controversy for the Court to resolve as Ciccone fully purged the contempt. Morgan's January 22, 2026 motion is overruled in part and denied in part.

{¶24} Accordingly, we sua sponte dismiss this appeal.

M. Lynch, J., Eleventh District Court of Appeals, sitting by assignment, concurs.

E. Lucci, J., Eleventh District Court of Appeals, sitting by assignment, concurs.

_____

For the reasons stated in the Opinion rendered herein, the appeal is dismissed. Appellee's motion to dismiss is overruled as moot. All other pending motions are denied. Costs to be taxed against the Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Mahoning County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure

_____

**JUDGE ROBERT J. PATTON,**
**ELEVENTH DISTRICT COURT OF APPEALS,**
**SITTING BY ASSIGNMENT**

_____

**JUDGE MATTHEW J. LYNCH,**
**ELEVENTH DISTRICT COURT OF APPEALS,**
**SITTING BY ASSIGNMENT**

_____

**JUDGE EUGENE A. LUCCI,**
**ELEVENTH DISTRICT COURT OF APPEALS,**
**SITTING BY ASSIGNMENT**

**<u>NOTICE TO COUNSEL</u>**
**Pursuant to App.R. 22 and 27, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the Clerk.**

<u>Case No. 25 MA 0112</u>